Murray v. State, ex rel. Luallen.

MURRAY v. STATE, ex rel. LUALLEN.

(Knoxville.  September Term, 1905.)

1. RESIGNATION OF PUBLIC OFFICER.  Irrevocable when accepted.

The resignation of a public officer, when accepted by the proper authority, is irrevocable, and cannot be withdrawn, although an attempt to withdraw it is made before the arrival of the date at which the resignation, by its terms, is to take effect.

Case cited and approved: State, ex rel., v. Grace, 113 Tenn., 9.

2. COUNTY JUDGE.  Jurisdiction of.

The county judge, or chairman of the county court, has all the jurisdiction belonging to the county court, except such as is expressly, or by reasonable implication, devolved upon the quarterly court.

Act cited and construed: 1889, ch. 153.

Case cited and approved: Johnson v. Brice, 112 Tenn., 59.

3. SAME.  Proper officer to act upon resignation of justice of the peace.

The county judge, or chairman of the county court, is the proper officer to receive and act upon the resignation of a justice of the peace.

Code cited and construed: Sec. 442 (S.); sec. 408 (M. & V.); sec. 353 (1858).

---

FROM CAMPBELL.

---

Appeal from Circuit Court of Campbell County.—G. Mc. HENDERSON, Judge.

PETERS & AGEE and JOHN JENNINGS, for Murray.

POWERS & OWENS, TEMPLETON, LINDSAY & TEMPLETON, and LUCKY, SANFORD & FOWLER, for Relator.

MR. JUSTICE NEIL delivered the opinion of the Court.

This is a petition, in the nature of a *quo warranto*, seeking to have Murray, who was the defendant thereto, restrained from exercising the functions of justice of the peace of Campbell county, on two grounds: First, that he had resigned his office; and, second, that he had been permanently removed from the civil district for which he was elected. Murray answered, admitting the filing of his resignation with the county judge, but claiming it was withdrawn prior to the arrival of the time when it was to take effect and before its acceptance by the county court, and also denying the averment of the petition as to his removal. The case was tried by the circuit judge without the intervention of a jury, and judgment was rendered sustaining the petition, in so far as it alleged an irrevocable resignation of the office, and enjoining the defendant from a further exercise of its functions. A written opinion was filed, which, while not requested by either party to the lawsuit, yet was made a part of the record by consent of the parties. The finding of facts in this opinion is fully sustained by the evidence in the cause. The important facts so found may be briefly stated as follows:

(1) That Murray resigned his office of justice of the peace in a writing, made and signed by him and filed

Murray v. State, ex rel. Luallen.

with the county judge of Campbell county on November 19, 1903, and the same was on that day accepted by the county judge, and the clerk of the county court, under his orders, spread upon the minutes of the court both the resignation and its acceptance. In this writing Murray provided that his resignation should "take effect on Tuesday after the first Monday in January, being the 5th day of January, 1904," but added, "I respectfully ask that this resignation be acted upon now, to take effect at that time."

(2) That on December 1, 1903, the clerk of the county court gave notice to the board of election commissioners of Campbell county of the vacancy in the office of justice of the peace caused by Murray's resignation, and that board, in pursuance of the law, caused an election to be held on the 22d of March, 1904, to fill the vacancy, at which the relator, Luallen, was legally elected justice of the peace to fill out the unexpired term of Murray. That on the 24th of March, 1904, a commission was issued to Luallen by the governor of the State, and on the 26th day of March, 1904, he was duly qualified to fill out this unexpired term.

(3) That subsequent to the filing of his resignation the plaintiff in error undertook, in a paper writing addressed to the county judge, to withdraw the same. This attempted withdrawal was made before the time the resignation was to take effect, but no action was taken upon it by the county judge.

Two errors are assigned by the plaintiff in error upon the judgment of the lower court.

115 Tenn.—20

In the first it is insisted that, inasmuch as the resignation was to take effect in the future, notwithstanding its acceptance by the county judge (conceding his right to accept), yet this act of acceptance did not exclude the right of withdrawal, if exercised at any time before the day fixed in the resignation for the vacation of the office. We think this contention unsound. By its terms the resignation was absolute and unconditional. It requested immediate acceptance, and, if the county judge had the authority to act, we have no doubt his action placed it beyond the power of Murray to withdraw. While it may be true the precise question here presented has not been determined in this State, yet we think the principle announced in *State, ex rel., v. Grace,* 113 Tenn., 9, 82 S. W., 485, is controlling.

In that case it appears Grace delivered to the legislative council of Memphis, of which he was a member, his unconditional resignation (to take immediate effect), which was duly and formally accepted, and an entry both of the resignation and its acceptance was made upon the minutes of the council. Subsequently and with the consent of the council Grace undertook to withdraw his resignation. The commissioners of election for Shelby county, regarding the acceptance of this resignation as vacating the office which Grace had held, ordered a public election, at which the relator was chosen to fill the vacancy. This court held, upon these facts, that the acceptance of the resignation *ipso facto* vacated the office, and that the act could not be undone, even with the

consent of the body of which Grace had been a member, and sustained the title of the relator. In the course of the opinion delivered by Justice Shields, it is said: "Official robes cannot be put off and assumed at the pleasure of individuals or officers. Public interest requires that all possible certainty exist in the election of officers, and the beginning and expiration of their term by law or resignation, and forbids that either shall be left to the discretion and vacillation of the person holding the office or the officer or body having the appointing power."

The same public policy which required the holding in that case dictates the application of the principal in the present. The resignation, with its acceptance, was no more absolute in that than in the case at bar. The mere fact that the one was to take effect immediately and the other at a date in the future we think of no import. In the one, as much as in the other, public interest requires that vacillation of purpose on the part of the person resigning should not be encouraged, and the discretion of the accepting tribunal, when once exercised, should not be reconsidered.

In the next place, however, it is insisted that the county judge was without authority to accept this resignation. We think that this insistence is unsound. The Code provides that a "justice of the peace who wishes to resign shall make his resignation to the county court of the county of which he may be justice." Shannon's Code, section 442. It will be observed that it is not indicated

here whether this resignation is to be made to the quarterly county court, or to what was known as the "quorum court," and there is no provision found in the Code or elsewhere, requiring that it should be made to the first named of these courts. By the terms of chapter 153, p. 293, of the Acts of 1889, the office of county judge of Campbell county was created. Under this act, as well as the general provisions of the Code, this officer, we think, succeeded to all the powers of the monthly quorum court. In *Johnson* v. *Brice,* 112 Tenn., 59, 83 S. W., 791, there is an elaborate review of the Code and statutory provisions fixing and regulating the jurisdiction of these respective courts, and it was there announced that "the county judge or chairman has all jurisdiction belonging to the county court, except such as is expressly or by reasonable implication devolved upon the quarterly court."

We find nowhere, either expressly or by reasonable implication, the power to accept such resignation devolved upon that court, and we think it follows necessarily from the doctrine announced in that case that the county judge of Campbell county, sitting as and in the place of the quorum court, was the proper officer to receive and act upon this resignation.

It follows, therefore, that the assignments of error referred to are not well taken, and the judgment of the circuit court must be affirmed.