STATE *ex rel.* B. D. JONES *et al. v.* JOE J. HOWARD.

(*Knoxville.* September Term, 1917.)

1. **CERTIORARI. Moot case. Costs. Merits.**

On *certiorari* bringing up question of eligibility of officer to hold office, the supreme court will consider the case, though term of office has expired where matter of costs remains to be adjudicated and this depends on the merits. (*Post, p.* 75.)

2. **JUDGES. County court. Chairman. Qualifications.**

Under Constitution, article 6, section 1, vesting the judicial power of the State in the supreme court and other courts, and "in justices of the peace," Thompson's Shannon's Code, section 221, providing that a court to be called the county court is established in each county, composed of the magistrates, section 5992, providing that the county court consists of the justices of the county, and section 493, providing that every county is a corporation, and the justices of the county court are the representatives of the county, no one is eligible for the office of chairman of the county court who is not a justice of the peace of the county. (*Post, pp.* 75-77.)

Acts cited and construed: Acts 1835-36, ch. 6; Acts 1794, ch. 1, sec. 44; Acts 1835, ch. 6, sec. 1; Acts 1838, ch. 135; Acts 1875, ch. 70.

Codes cited and construed: Secs. 127, 4179, 4180, 4186 (1858); Sec. 5992 (T.-S.).

3. **STATUTES. Construction.**

Courts have no right to give to statutes a meaning not deducible from the unambiguous language used. (*Post, pp.* 77, 78.)

Cases cited and approved: Redistricting Cases, 111 Tenn., 277-281; Ledgerwood v. Pitts, 122 Tenn., 606; Johnson v. Brice, 112 Tenn., 07; State v. Leonard, 86 Tenn., 185; State ex rel. v. Maloney, 92 Tenn., 62; State v. McKee, 76 Tenn., 24; State ex rel. v. Glenn, 54 Tenn., 472; Murray v. State ex rel., 115 Tenn., 303.

· Codes cited and construed: Sec. 6006 (S.); Sec. 6027 (T.-S.).

## FROM MONROE.

Appeal from the Chancery Court of Monroe County to the Court of Civil Appeals, and by. *certiorari* to the Court of Civil Appeals from the Supreme Court. —Foss H. MERCER, Chancellor.

McCROSKEY & PEACE, for appellants.

LINDSAY, YOUNG & DONALDSON and M. F. VALENTINE, for appellee.

MR. JUSTICE FENTRESS delivered the opinion of the Court.

This is a *quo warranto* proceeding, instituted by the district attorney-general, in the name of the State, upon the relation of B. D. Jones and other citizens and taxpayers of Monroe county, against the defendant, Howard. The bill alleged that Howard had been elected chairman of the county court of that county for the year 1915, and that he was not eli-

gible for the office because he was not a justice of the peace, and furthermore that he had been guilty of mal-administration of its duties, and should also, on that account, be removed.

Defendant demurred to so much of the bill as alleged that he was ineligible to fill the office. The chancellor sustained the demurrer, and upon the final hearing dismissed the bill, and the relators appealed to the court of civil appeals. That court reversed the decree of the chancellor, upon the ground that defendant was not qualified to hold the office, and entered a decree directing that he be removed.

The defendant filed his petition here for *certiorari,* and insists that he was not disqualified to hold the office because he was not a magistrate. The writ was granted *pro forma* by this court.

While the term of office which the defendant was filling has long since expired, nevertheless the matter of costs remains to be adjudicated, and this depends upon the merits of the case.

We are of the opinion that no one is eligible for the office of chairman of the county court except a justice of the peace of the county.

After the adoption of the Constitution of 1834 there was passed by the General Assembly "An act to reorganize the county courts in this State." Acts 1835-36, chapter 6. Section 1 of this act provides: "That hereafter there shall be established a court in each and every county in this State, to be

held by the justices of the peace thereof . . . to be called the county court.''

The substance of this section of the above act appears in Code 1858, section 127, as follows:

''A court is established in each county of this State, composed of the magistrates . . . for the despatch of probate and other business intrusted to it, to be called the county court.'' Thompson's-Shannon's Code, section 221.

By section 5992, Thompson's-Shannon's Code, it is provided: ''The county court consists of the justices of the county. It is divided into a quarterly and monthly court, the first being held by all or such number of the justices necessary to transact business, the latter by the chairman or judge of the county court. No discontinuance of process, or any matter or thing depending in said court, shall be produced by a failure to hold court at any regular session.''

This provision of the Code is based upon Acts 1794 (N. C.) chapter 1, section 44; Acts 1835, chapter 6, section 1; Acts 1838, chapter 135; Acts 1875, chapter 70; also Code 1858, sections 4179, 4180, 4186.

It is also provided by Thompson's-Shannon's Code, section 493, as follows:

''Every county is a corporation, and the justices in the county court assembled are the representatives of the county, and authorized to act for it.''

This provision is taken from section 402 of the Code of 1858.

State ex rel. v. Howard.

Thus it is repeatedly declared that the county court is composed of the justices, and that they are authorized to act for the county. The statutes do not mention other persons, and the courts have no right to give to the statutes a meaning not deducible from the unambiguous language used. So it is we are of the opinion that no one except a justice of the county has the right to participate in any of the functions of that court. Of course, we are not to be understood as holding that a county judge may not be lawfully appointed by the Governor, or elected by the people, under statutory authority, although such judge is not a justice of the peace. The contrary has been frequently held. *Redistricting Cases,* 111 Tenn., pp. 277-281, 80 S. W., 750, and authorities cited.

We could rest the decision of this case upon the above statutes; however, no one has the authority to act as chairman of the county court, except a justice of the peace, for the reason that by the Constitution (article 6, section 1) it is provided:

"The judicial power of this State shall be vested in one supreme court, and in such circuit, chancery and other inferior courts as the legislature shall from time to time, ordain and establish; in the judges thereof, and in justices of the peace. The legislature may also vest such jurisdiction in corporation courts as may be deemed necessary. Courts to be holden by justices of the peace may also be established."

It has been repeatedly held by this court that the chairman or judge of the county court is a judicial

officer. *Ledgerwood* v. *Pitts,* 122 Tenn., 606, 125 S.
W., 1036; *Johnson* v. *Brice,* 112 Tenn., 67, 83 S. W.,
791; *State* v. *Leonard,* 86 Tenn., 485, 7 S. W., 453;
*State ex rel.* v. *Maloney,* 92 Tenn., 62, 20 S. W., 419;
*State* v. *McKee,* 8 Lea, 24; *State ex rel.* v. *Glenn,* 7
Heisk., 472. The law has imposed upon him the du-
ties of the quorum court. By Shannon's Code, sec-
tion 6006, it is provided:

"The chairman of the county court shall attend at
the courthouse of his county on the first Monday of
every month, and shall exercise all jurisdiction here-
tofore exercised by the quorum courts; and shall, on
said first Mondays and such subsequent days as may
be necessary, attend to all matters and adjudicate
and determine all questions and do all other acts and
things the quorum courts could do."

The powers of that court are defined by Thompson's-
Shannon's Code, section 6027 et seq., and are para-
phrased in the opinion of this court in *Johnson* v.
*Brice,* 112 Tenn., 67, 83 S. W., 791.

It will be observed that these duties are entirely of
a judicial character, and it has been so held by this
court. *Johnson* v. *Brice,* 112 Tenn., 59, 83 S. W., 791;
*Murray* v. *State ex rel.,* 115 Tenn., 303, 89 S. W., 101,
5 Ann Cas., 687.

Thus it is seen that both under the Constitution
and under the statute law of the State the defendant
is not eligible for the office of chairman of the county
court, and therefore the decree of the court of civil
appeals is affirmed.