STATE *ex rel. v.* LINK.

*(Nashville,* December Term, 1937.)

Opinion filed Jan. 15, 1938.

W. S. Vinson, *of Erin,* and J. W. Rice, of Dover, for appellants.

Stout & Porter, Callis Tate, and Robert L. McReynolds, all of Clarksville, S. C. Lewis, Jr., of Dover, and Holmes & Holmes, of Trenton, for appellee.

Mr. Justice Cook delivered the opinion of the Court.

This appeal involves the validity of a private act of 1937, designed to abolish the office of county judge in Stewart county. By chapter 3, Private Acts of 1921, the office of county judge was created for Stewart county. In addition to the ordinary duties of chairman of the county court, the act, section 6, subd. 3, as amended by chapter 454, Private Acts of 1933, clothed the county judge with the authority and jurisdiction of a justice of the peace and with authority to grant writs of *habeas corpus,* injunctions, and attachments.

At the August election, 1934, the defendant, N. A. Link, was elected and subsequently commissioned county judge for the term of eight years and was exercising

the powers and performing the duties of the office when the Legislature passed chapter 643, Private Acts of 1937, under a caption which reads:

"An Act to abolish the Office of County Judge of Stewart County, Tennessee, and to repeal Chapter Number Three of the Private Acts of the General Assembly of Tennessee for 1921, passed January 12, 1921, and approved January 12, 1921, entitled 'An Act to create the Office of County Judge of Stewart County, to fix his Salary and to define his Duties and Jurisdiction.'"

Section 1 under this caption declared the office abolished, and section 2, that the Act of 1921 was repealed.

After passage of the act, the defendant refused to vacate the office, and the bill in the nature of *quo warranto,* was filed to remove him. It was alleged in the bill that the act is constitutional and effective to remove the defendant from office, and that it became the duty of the quarterly court, under general statutes, to elect a chairman of the county court to succeed the defendant. But, it is said in the bill that the justices of the peace of the county refused to elect a chairman by a vote of nineteen to two and that defendant continued to hold the office and exercise the powers conferred by the Act of 1921. The prayer of the bill was for injunction to restrain defendant from acting as judge, and for a declaration that the Act of 1937 is valid.

The chancellor was of the opinion that the act is unconstitutional and dismissed the bill upon defendant's demurrer. Relators appealed and assigned errors, through which it is insisted that the act was a valid exercise of legislative power and that the defendant should be enjoined from acting as county judge. The relators rely upon cases which sustain local legislation affecting

counties in their governmental capacity, as in *Haggard v. Gallien,* 157 Tenn., 269, 8 S. W. (2d), 364, and *Holland v. Parker,* 159 Tenn., 306, 17 S. W. (2d), 926; and upon cases which sustain acts which abolish state and county offices, as in *State ex rel.* v. *Morris,* 136 Tenn., 157, 189 S. W., 67, and *House* v. *Creveling,* 147 Tenn., 589, 250 S. W., 357.

The principles underlying those cases are not applicable. The power to create the office of county judge or judge of other inferior courts was conferred upon the General Assembly by article 6, section 1, of the Constitution, authorizing the establishment of inferior courts. County courts presided over by a county judge are inferior courts within the meaning of the Constitution. *State* v. *Maloney,* 92 Tenn., 62, 20 S. W., 419; *Scott* v. *Nashville Bridge Co.,* 143 Tenn., 86, 122, 223 S. W., 844; *Whitehead* v. *Clark,* 146 Tenn., 660, 670, 244 S. W., 479.

Terms of all judges, including judges of inferior courts, are fixed by the Constitution, article 6, section 4, at eight years, and their tenure cannot be impaired except where the Legislature may find it necessary to redistribute the business of the courts for purposes of economy and efficiency. When in such instances the rearrangement results in the abolition of the tribunal, it operates to vacate the office of the judge who presided over the abolished tribunal.

The county court of Stewart county, over which the defendant presided as county judge, was not abolished, but the act if given effect would remove the judge from office, deprive him of its emoluments, leave the court in existence, and transfer its jurisdiction to a chairman of the county court to be elected from year

to year under Code, section 10202. That is to say, the office would be transferred from the county judge to a chairman of the county court, another county judge under a different name. Code, sections 763, 10202 *et seq.; Johnson* v. *Brice,* 112 Tenn., 59, 68, 83 S. W., 791; *Malone* v. *Williams,* 118 Tenn., 390, 479, 103 S. W., 798, 121 Am. St. Rep., 1002; *Murray* v. *State,* 115 Tenn., 303, 89 S. W., 101, 5 Ann. Cas., 687; *State ex rel.* v. *Howard,* 139 Tenn., 73, 77, 201 S. W., 139.

 Public office cannot thus be transferred by statute from one official to another. *Acklen* v. *Thompson,* 122 Tenn., 43, 55, 126 S. W., 730, 135 Am. St. Rep., 851; *State ex rel.* v. *Morris,* 136 Tenn., 157, 161, 189 S. W., 67.

The Legislature cannot remove a county judge by abolishing the office and devolving the duties upon a chairman of the county court. *State* v. *Leonard,* 86 Tenn., 485, 7 S. W., 453. The distinction between statutes ineffective to remove a judge from office, and statutes that accomplish removal by abolishing the tribunal and transferring its business to another, was made clear by MR. JUSTICE WILKES in Judges' Cases, 102 Tenn., 509, 560, 53 S. W., 134, 146, 46 L. R. A., 567. After referring to the opinion in *State* v. *Leonard, supra,* and quoting from it, the opinion proceeds:

"The Leonard Case applies only to a county judge, where only one can exist in a county, and where his functions and duties cannot be devolved upon another, and is different from cases involving circuit, chancery, or other judicial officers, who preside over a system of courts common to the whole state. In the former class of cases the jurisdiction and business of the abolished court must necessarily go to a judge created es-

pecially by the legislature to receive them. In the latter class judges are judges for the state at large, and the transfer is not of jurisdiction but of business, not to a judge specially created, but to a judge already elected by the people, and clothed with authority and jurisdiction to act."

The decree of the chancellor is without error.

Affirmed.