Baird *et al. v.* Baird *et al.*\*

(*Knoxville*, September Term, 1939.)

Opinion filed December 16, 1939.

---

\*See Henry v, Abernathy, p. 512, **infra;**

CON E. TROUTMAN, of LaFollette, and JENNINGS & O'NEIL, of Knoxville, for complainants.

JOE M. CARDEN, of LaFollette, and C. A. TEMPLETON, of Jellico, for defendants.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This bill was filed February 17, 1939, by the six members of the "County Road Commission," elected in August, 1938, pursuant to Chapter 692, Private Acts, 1919, and amendments thereto,—joined as a complainant by F. W. Lynch, who alleges that he had been elected for a term of four years by the quarterly Court at its January, 1939, session, to the office of "Superintendent of Roads" of Campbell County, pursuant to Chapter 90 of the Private Acts of 1935, which created this office. The defendants comprise the "County Highway Commission," provided for by Chapter 149, Private Acts of 1939, also the County Trustee and County Judge.

The bill shows the passage by the Legislature on February 3rd, approved February 9th, of (1) Chapter 148,

352

Private Acts, 1939, repealing Chapter 90, Private Acts, 1935, under which Lynch was elected Superintendent of Roads; and (2) Chapter 149 of said Acts, creating a ''County Highway Commission'' of three for Campbell County (designated by population), providing that the Commissioners shall be elected by the people and naming the defendants, J. F. Baird and Roy Sharp, and complainant F. W. Lynch as the interim Commissioners. It is charged that these 1939 Acts are unconstitutional, and an injunction is prayed restraining the defendants from taking office thereunder, or in any manner interfering with complainants in the discharge of their duties. It was sought to restrain the County Trustee and County Judge, joined as defendants, from recognizing the defendants, named in said Act, as Highway Commissioners, as such.

Demurrers, answers and cross-bills were filed and the Chancellor overruled the demurrers and sustained the original bill, holding the Acts of 1939 unconstitutional and void as a colorable attempt to oust the complainants from office, citing *Smith* v. *Sells*, 156 Tenn., 539, 3 S. W. (2d), 660.

We are persuaded that the bill and the decree proceed upon a misconception of the purpose, effect and scope of the challenged enactments of 1939. The official status, compensation and duties of the six complaining County Road Commissioners appear to be left, following the passage of these Acts, just as they were before their passage. By Chapter 90, Acts of 1935, the office of Superintendent of Roads was created for Campbell County, with a term fixed at four years and a salary of $1800, his election being by the quarterly County Court. This Act conferred upon this officer the identical duties conferred by Chapter 149, Priv. Acts of 1939, upon the defendant

County Highway Commissioners. The provisions of the Act of 1939 creating a County Highway Commission of three, so vigorously challenged as depriving complainant Road Commissioners of official rights and prerogatives, and in effect removing them from office, are the same as those enacted by Chapter 90 of the Acts of 1935, the validity of which Act complainants recognize in this proceeding in that co-complainant Lynch claims office thereunder; and have, moreover, acquiesced in since 1935. The situation is unchanged, so far as complainant Commissioners are affected, or concerned, by this legislation complained of. If the official rights and duties of complainants have been encroached upon, or adversely affected, this was done by the Act of 1935, rather than by that of 1939 here complained of. A comparison of Chapter 90, Acts of 1935, with the present law, Chapter 149, Acts of 1939, makes this conclusion clear. The captions of the two Acts are in substance identical, with the exception that the Act of 1935 calls for the creation of the office of Superintendent of Roads, whereas the Act of 1939 calls for a County Highway Commission. The same thing may be said of Section 1 of these Acts. By Section 2 of the Act of 1935, the salary of the Superintendent is fixed at $1800, while, in the Act of 1939, three salaries are provided for: $1800 for the Chairman, $1800 for the Vice-Chairman and $900 for the Secretary. It may be said, in passing, that criticism is made of this large increase in the salary account for what is said to be the same service, but however just this criticism may be, it goes to a matter of policy which is a prerogative of the Legislature exclusively and with which this Court cannot concern itself.

Section 3 of the Act of 1935, corresponds with Section 4 of the Act of 1939, and the one is almost identical in its

terms and provisions with the other. In the one case it authorizes the Superintendent and in the other the Commission to supervise and control the expenditure of all funds received by the County from the State gasoline tax, etc. It is provided in both Sections that this authority is conferred "without limiting such expenditure to the control and direction of the now existing County Road Commission." And both proceed: "Except in the particular herein specified this Act shall not interfere with the jurisdiction or power of the existing County Road Commission."

The Act of 1939 contains one section, Section 3, which has no corresponding section in the former Act, but this Section does no more than provide for the appointment of defendants Baird, Lynch and Sharp to serve as members of the Commission until the next regular County election for County officers, providing, also, that Sharp shall serve as Secretary and that the Commission shall elect its Chairman and Vice-Chairman.

It will be observed that the existence and status generally of the Commission of which complainants are members is thus expressly recognized and preserved. The only possible complaint which the members of this County Road Commission can make is that the expenditure and control of the State gasoline fund is placed with the Commissioners created by the Act of 1939, but the situation in this regard is unchanged in so far as it affects the complainants by this Act, for the reason, heretofore pointed out, that the expenditure and control of this special tax had certainly not been in the control of the County Road Commission since the passage of Chapter 90, Private Acts of 1935. From what has been said, it is obvious that the bill should have been dismissed as

to the six complaining members of the County Road Commission.

The remaining complaint is F. W. Lynch, who alleges that he is the elected Superintendent of Roads, pursuant to Chapter 90 of the Acts of 1935, having been elected by the quarterly County Court at its January term, 1939, a few days before the passage of Chapters 148 and 149, Acts of 1939, the first of which repealed the Act under which Lynch claims to have been elected, and the second of which creates the Highway Commission for Campbell County to take the place of the Superintendent of Roads. Lynch challenges the constitutionality of these Acts of 1939 as a colorable attempt to oust him from office and deprive him of the rights incident thereto.

■■ In the first place, it will be observed that the Act of which he complains names him as a member of the newly created Commission and fixes his salary at the same amount he would have received as Superintendent of Roads. It is true that the effect of the new Act is to divide his powers and authority with two others named, but it is also true that the responsibility and duties are also divided. It would, therefore, seem that Lynch has little to complain of. But another and a conclusive answer to the complaint of this complainant is that the changes made by the challenged Act are important and even fundamental in the sense recognized as such by our decisions. It will be observed, as heretofore mentioned, that the changes made by the Act of 1939 of the law as it stood since the passage of the Act of 1935 were three in number, to-wit: The authority and control of the gasoline tax fund, which it is alleged now reaches large figures for Campbell County, has been placed upon three men, rather than one; and the selection of these men to discharge this responsible function is taken from

356

the County Court and placed with the people of the County, so that the taxpayers and citizens may thus directly control the choice. We have more than once held that this is not a merely colorable change in form, but goes to the substance and justifies this character of legislation. *Haggard* v. *Gallien*, 157 Tenn., 269, 273, 8 S. W. (2d), 364. And in *Holland* v. *Parker*, 159 Tenn., 306, 307, 17 S. W. (2d), 926, the Court said of this change that it is "clearly fundamental, affecting the source of authority of the officers." Moreover, the fact that complainant Lynch is named in the new Act as one of the newly appointed officials is significant as indicating that the purpose of the Legislature was not to deprive him of office.

For the reasons above stated, the decree of the Chancellor must be reversed and the bill dismissed.