Henry *et al. v.* Abernathy *et al.*

(*Nashville*, December Term, 1939.)

Opinion filed February 3, 1940.

J. M. Holladay and A. Bradley Frazier, both of Camden, and Joseph Higgins, of Nashville, for appellants (defendants).

S. L. Peeler, of Camden, and Maddox, Maddox & Maddox, of Huntingdon, for appellees (complainants),

Mr. Justice Chambliss delivered the opinion of the Court.

This is another of the large number of suits brought by holders of public office, mainly local and minor, challenging the constitutionality of acts of the Legislature affecting the offices held by them, on the theory that the legislation wrought no substantial change in the form of government, but was a colorable scheme only to deprive complainants of their offices and prerogatives and substitute others, for reasons mainly political. See, among others, *Haggard* v. *Gallien*, 157 Tenn., 269, 8 S. W. (2d), 364; *Holland* v. *Parker*, 159 Tenn., 306, 17 S. W. (2d), 926; *Townsend* v. *Ray*, 174 Tenn., 634, 130 S. W. (2d), 96; *Smith* v. *Sells*, 156 Tenn., 539, 542, 3 S. W. (2d), 660.

As suggested, the predicate for the attack in these cases has been, and necessarily so, that the complainants have been deprived of their offices. As in the recent case of *Baird* v. *Baird*, 175 Tenn., 350, 134 S. W. (2d), 166, 168, we find this essential predicate lacking here. The effect of the legislation challenged by the bill herein (Chapter 388, Private Acts of 1939) was to substitute a Board of District School Commissioners of seventeen, to be elected one from and by the people of each of the sixteen civil districts of the County (except the fifth which elects two), for a County Board of Education of seven, elected one from each of seven School Districts, as prescribed by Chapter 59, Private Acts 1931.

Complainants are these seven members of this old Board. But it appears that the Act of 1939, which creates the new board of seventeen, names the members to serve until the next regular election and includes the complainants in the seventeen. Not having been

deprived of their offices, and their compensation not being substantially reduced, they cannot complain that the Legislature has seen fit to enlarge the membership of the Board on which they sit, or enact reasonable changes in matters affecting its administrative duties. Whether this be done by amendments to the laws in force, or, as here, by repealing the old and enacting new laws, is immaterial.

In *Baird* v. *Baird, supra,* we held that the complainants in that case had no just complaint of the challenged Act as colorable legislation, since it did not remove them from office, or affect their official status, or compensation. One of the complainants in that case had held the position, to which he had been elected for a fixed term, of Superintendent of Roads of his County. The new Act created a "County Highway Commission" of three for the County, and named three persons as the interim Commissioners and included the then incumbent in the office of Superintendent of Roads. His salary as Superintendent had been $1,800, and under the new act he would get the same compensation. The duties of the "Highway Commission" would be the same as those formerly devolving upon the "Superintendent of Roads." In commenting this Court said, "It is true that the effect of the new Act is to divide his powers and authority with two others named, but it is also true that the responsibility and duties are also divided. It would, therefore, seem that Lynch has little to complain of." This is practically what has taken place in the instant case.

In *Waldauer* v. *Britton,* 172 Tenn., 649, 113 S. W. (2d), 1178, 1180, in which the legislative enactment which added three members of the State Board of Elections was challenged, one of the complaints was that the incum-

bents were deprived of certain functions incident to their offices, that under the new or amended act they would be deprived of some of the power or authority which they had possessed under the original act. Reliance was had upon our decisions to the effect that a colorable change in the form of government for the purpose of putting one set of men out of office and another set in office is unconstitutional, but, said Mr. Justice McKinney, "'In each of those cases some official, or officials, had been legislated out of office. These cases have no bearing upon the question we are considering, since complainants have not been deprived of their office." The opinion proceeds to call attention to the fact that the State Board of Elections is not a constitutional office (which is equally true of the offices we are now considering), but one created by the Legislature and which the Legislature has power to deal with as it may see fit. The opinion quotes from 46 C. J., 1035, 1036, as follows:

"The legislature with power to create an office may fix its duties, and generally may fix the duties of offices except as inhibited by the constitution. An officer accepting office does so subject to the possibility that his duties may be increased or diminished, and in the absence of constitutional restriction the legislature may do so at its pleasure. Thus the legislature may, from time to time, change the duties of offices created by itself. The legislature, moreover, may, within reasonable limits, increase or abridge the duties of a constitutional office, but they cannot be so changed as to destroy the powers of the office or essentially to alter it."

The opinion proceeds with a further discussion of the subject, much in point here, and holds, among other things, that, "As to whether a particular function of the state requires one or a dozen persons to administer it is

a matter for the Legislature to determine.'' The opinion cites and quotes from *Hancock* v. *Davidson County et al.*, 171 Tenn., 420, et seq., 104 S. W. (2d), 824, in which case the validity of an act creating a special court for Davidson County was upheld. In this and other cases cited, the power of the Legislature was upheld to deprive the Justices of the Peace of many of their prized prerogatives.

We have no case in which legislation making changes in these local school systems has been held unconstitutional, where the complainants were retained in office.

In view of what has been said, it becomes unnecessary to consider the question, argued on the briefs, of whether or not the legislation effected fundamental changes in the form of government. The decree of the Chancellor is reversed, the injunction dissolved and the bill dismissed.