STATE *ex rel.* BAILEY, COUNTY JUDGE *v.* MABRY.

(*Nashville*, December Term, 1942.)

Opinion filed November 20, 1943.

Designated for Publication March 4, 1944.

LEWIS S. POPE, of Nashville, and RENEAU & RENEAU, of Celina, for complainant.

WALKER & HOOKER, of Nashville, and TONY MAXEY, of Celina, for defendant.

MR. JUSTICE NEIL delivered the opinion of the Court.

The relator J. B. Bailey was regularly elected to the office of County Judge of Clay County at the general election in August, 1942, for a term of eight years. A certificate of election was accordingly issued to him by the County Election Commissioners. He qualified by giving bond and taking the oath of office. No question is made as to his qualifications. The office to which relator was elected and now holds was created by the General Assembly of this state under Chapter 145 of the Private Acts of 1903. The act prescribed the duties and the jurisdiction of said county judge and fixed the salary of the incumbent. It appears that the term of office of relator will not expire until September 1, 1950.

The Legislature in January, 1943, passed an act, being Chapter 53 of the Private Acts of 1943, which purports to repeal Chapter 145 of the Private Acts of 1903 and to abolish the office of County Judge of Clay County. At the same session of said Legislature there was enacted Chapter 283 of the Private Acts of 1943, called the Re-Districting Act, which undertook to abolish the County Court of Clay County and to create and establish a new County Court for said county. The act named the defendant C. J. Mabry as chairman of said court.

The original bill in this case was filed by the relator attacking the constitutionality of the 1943 act upon the ground that said act was unconstitutional and void as it violated certain provisions of the Constitution of this state. The original bill was filed against defendant C. J.

Mabry. The prayers of the bill were that Chapter 53 of the Private Acts of 1943 be declared unconstitutional and void; that an injunction be immediately issued enjoining the defendant from acting or interfering with complainant in the performance of his official duties as County Judge of said county; that at the hearing the injunction be made perpetual.

The defendant filed a demurrer to the bill upon the following grounds: (1) that Chapter 53 of the Private Acts of 1943 was a valid and constitutional act and abolished the office of County Judge, now held by the complainant; (2) that the Re-Districting Act, Chapter 283 of the Private Acts of 1943, abolished the County Court of Clay County and created and established a new County Court for said county, and named the defendant as chairman of said court in the bill; and that therefore the office of County Judge was abolished and a new office of County Chairman was created; (3) that because of the two acts, viz., Chapter 53 and Chapter 283, the complainant had no right to maintain this suit and no right to restrain the defendant from acting as County Chairman of Clay County.

The cause was heard before the Chancellor, at chambers, by agreement of the parties, upon the demurrer of defendant and motion to hear same and dissolve the injunction theretofore issued upon the *fiat* of the Chancellor. The Chancellor took the case under advisement and shortly thereafter overruled all the grounds of the demurrer, holding that Chapter 53 of the Private Acts of 1943 was unconstitutional and void, and declined to dissolve the injunction. He granted a discretionary appeal from the decree.

The defendant duly perfected his appeal and has assigned the following errors:

(1) The Chancellor erred in overruling the first ground of defendant's demurrer, which is as follows:

"The bill shows on its face that Chapter 53 of the Private Acts of Tennessee of 1943, repealing Chapter 145 of the Private Acts of Tennessee of 1903, is a valid and constitutional enactment, and that the effect of said Chapter 53 of the Private Acts of 1943 is to abolish the office of County Judge in Clay County, so that it results that the relator can no longer hold said office which is now non-existent."

(2) The Chancellor erred in overruling the second ground of the defendant's demurrer, which is as follows:

"The bill shows on its face that Chapter 283 of the Private Acts of 1943, which redistricted Clay County, created and established a new County Court in Clay County, named a County Chairman to preside over said County Court to perform and discharge the duties imposed upon a County Chairman by the general law until the next regular meeting of the County Court, is a valid and constitutional enactment repealing by its express terms all laws or parts of laws in conflict therewith; and also repealing by implication the Act creating the office of County Judge of Clay County, Tennessee; so that it results that the relator under the terms and provisions of said Act is no longer the County Judge of Clay County in that a new County Court for Clay County has been created to be presided over by a County Chairman."

(3) The Chancellor erred in overruling the third ground of the defendant's demurrer, which is as follows:

"That in view of the foregoing and the allegations of the bill incorporating by reference the several private

Acts of Tennessee in question, defendant has no right to maintain this suit and no right to restrain the defendant from performing his duties as County Chairman of Clay County, Tennessee.''

(4) The Chancellor erred in holding that Chapter 53 of the Private Acts of 1943 is unconstitutional and void. (5) The Chancellor erred in holding that the office of County Judge of Clay County, Tennessee, was not abolished by Chapter 283 of the Private Acts of 1943, and that the defendant has no authority or right to act as Chairman of the County Court of Clay County under the terms and provisions of said act. (6) The Chancellor erred in overruling the defendant's demurrer and in overruling and disallowing the defendant's motion to dissolve the writ of injunction.

It appears from the record that Chapter 53 of the Private Acts of 1943 was passed on January 20, 1943, and approved by the Governor on January 27, 1943; that the Re-Districting Act, Chapter 283 of the Private Acts of 1943, was passed on February 4, 1943, and approved by the Governor on February 8, 1943. The latter act abolished all the civil districts of Clay County—four in number—and set up and established eight civil districts in the county. The act named the justices of the peace and also the constables for each civil district. Now the only portion of this act which directly affects the relator in the discharge of his duties as county judge is Section 5 of the act, which named C. J. Mabry to serve as Chairman of the County Court until the next regular meeting of the Quarterly County Court, his salary being fixed at $100.00 per month. The complainant does not attack the constitutionality of the aforesaid Re-Districting Act. It is insisted, however, that the defendant Mabry has no

legal authority to act as a Chairman of the County Court, "or in any way to interfere with him in the performance of his official duties as County Judge." It is the contention of counsel for defendant Mabry that the Re-Districting Act repeals all laws and parts of laws in conflict therewith and abolishes the existing County Court of Clay County and establishes an entirely new County Court of said county. Able counsel for the defendant have sought to make a distinction between the instant case and other cases decided by this Court, particularly *State* v. *Leonard*, 86 Tenn., 485, 7 S. W., 453, *State ex rel.* v. *Link*, 172 Tenn., 258, 111 S. W. (2d), 1024, and *State ex rel.* v. *Lindsay*, 103 Tenn., 625-636, 53 S. W., 950.

Passing to the consideration of the question now before us, we hold that the County Court is a constitutional court and cannot be abolished by legislative enactment. *Prescott* v. *Duncan,* 126 Tenn., 106, 126, 127, 148 S. W., 229. This Court has clearly made a distinction between Chancellors, Circuit Judges, and County Judges, holding that in the interest of economy the two former may be abolished, but that the office of County Judge cannot be abolished during the term of the office. See the *Judges' Cases,* 102 Tenn., 509, 543, 545, 53 S. W., 134.

In the *Redistricting Cases,* 111 Tenn., 234, 235, 80 S. W., 750, the court used the following language:

"The constitutional term of office, where there can be only one incumbent in a county, as in the case of the county register, the circuit court clerk, the sheriff and the county judge, can not be shortened, nor can the incumbent of such constitutional offices be deprived of his office, during his term, by the legislature. The sheriff can not be deprived of a substantial part of his powers and functions."

■ We cannot close our eyes to the palpable effort to legislate the relator Bailey out of office and substitute in his place and stead another person who is designated in another private act to perform the same official duties. Chapter 53 of the Private Acts of 1943 purports to abolish the office of County Judge by repealing the act that created it. Eight days after the repealing act was approved by the Governor the Re-Districting Act was passed in which defendant Mabry was named as "Chairman of the County Court." The duties of this office were identical with that of county judge under the act which was sought to be repealed. The jurisdiction was the same in all respects. We think the case of *State* v. *Link*, 172 Tenn., 258, 262, 111 S. W. (2d), 1024, 1025, is directly in point and controlling in the instant case. In that case the office of County Judge of Stewart County was abolished by the Private Acts of 1937, chapter 643. In a bill brought to test the constitutionality of the act it was alleged that it was a valid act and "it became the duty of the Quarterly Court under the general statutes to elect a Chairman of the County Court to succeed the defendant." This act was held to be invalid. The Court, speaking through Mr. Justice Cook, says:

"Public office cannot thus be transferred by statute from one official to another. *Acklen* v. *Thompson*, 122 Tenn., 43, 55, 126 S. W., 730, 135 Am. St. Rep., 851; *State ex rel.* v. *Morris*, 136 Tenn., 157, 161, 189 S. W., 67.

"The Legislature cannot remove a county judge by abolishing the office and devolving the duties upon a chairman of the county court. *State* v. *Leonard*, 86 Tenn., 485, 7 S. W., 453. The distinction between statutes ineffective to remove a judge from office, and statutes that accomplish removal by abolishing the tribunal and trans-

ferring its business to another, was made clear by Mr. Justice WILKES in *Judges' Cases,* 102 Tenn., 509, 560, 53 S. W., 134, 146, 46 L. R. A., 567.''

Now it is clearly to be seen that the only difference between the *Link case* and the instant case is that the Legislature abolished Link's office and left it to the Quarterly County Court to elect his successor under the general law, whereas, in the instant case, the Legislature abolished relator Bailey's office and in a separate act created eight civil districts in Clay County instead of the four old districts, named the justices of the peace and constables for said districts, and C. J. Mabry, who was to take over the duties of County Judge. We fail to see any distinction whatever that merits serious consideration.

Adhering as we do to our former decisions, we hold that Chapter 53 of the Private Acts of 1943 is unconstitutional and void. The assignments of error are overruled and the decree of the Chancellor is affirmed.