KYLE *et al. v.* MARCOM *et al.*

BROWN *et al. v.* KYLE *et al.*

(*Nashville*, December Term, 1943.)

Opinion filed January 8, 1944.

60

Tony Maxey, of Celina, Tyree B. Harris, III, and Walker & Hooker, all of Nashville, for appellants.

J. H. Reneau and J. H. Reneau, Jr., both of Celina, and Lewis S. Pope, of Nashville, for appellees.

Mr. Justice Gailor delivered the opinion of the Court.

The complainants M. J. Kyle *et al.*, in the first of the above cases, filed their bill in the Chancery Court of Clay County, Tennessee, alleging that complainants were: (1) The duly elected Highway Commissioners of Clay County by reason of their election in the general election in August, 1942, and (2) that they were taxpayers of Clay County, Tennessee.

They filed this bill against the defendants, W. A. Marcom, Lester Brown, D. E. Birdwell, Frank Brown, and C. E. Clark, as the old, or former members of the Clay County Highway Commission, and against other named

defendants as the sureties on the official bonds of the defendants named. It was alleged in the bill that defendants, W. A. Marcom *et al.*, were undertaking to qualify and act as Highway Commissioners under Chapter 296 of of the Private Acts of 1941, and that said Act was unconstitutional, and in the first aspect of the bill, the complainants prayed that said Act be declared unconstitutional; that they be confirmed in their office as Highway Commissioners and that the defendants be enjoined from interfering with them in the exercise of their official duties as such Commissioners. In the second aspect of the bill, the complainants, as taxpayers, prayed that defendants and their sureties be required to account and settle for public monies alleged to have been illegally withdrawn and expended by them. A preliminary injunction was granted, as prayed, upon the filing of the bill. Thereafter, a motion to dissolve said injunction was denied by the Chancellor and to this action the defendants preserved an exception. The defendants also filed a plea in abatement, the general tenor of which was an insistence that the complainants had no right to file or maintain the original bill. The plea in abatement is a part of the record, but has never been disposed of by the Chancellor, and is therefore not before us here.

This was the status of the litigation until February 13, 1943, at which time, on leave granted, the complainants filed an amended and supplemental bill in which they renewed many of the allegations of the original bill as to their right to the office, but further charged that the Legislature at its 1943 Session, had passed Chapters 54 and 219 of the Private Acts of 1943; that by the first of these Acts, Chapter 698 of the Private Acts of 1937, under which the complainants held office, was repealed, and by

the second of these Acts, Chapter 219, a new system for the administration of highways in Clay County was set up and the defendants, Marcom *et al.*, were named as the first Highway Commissioners thereunder to serve until the general election in 1944. In their amended and supplemental bill, complainants alleged that these two Acts were to be construed together and that there was no real or material change in the administration of highways for Clay County made by these Acts, but that said changes were entirely colorable, and the whole intent and purpose of the legislation was to oust the complainants from their offices and to install the defendants therein. To this amended and supplemental bill, the defendants demurred on several grounds and upon the motion to dispose of said demurrer, the Chancellor held that the two Private Acts of the 1943 Legislature, Chapters 54 and 219, were unconstitutional, as alleged in said amended supplemental bill, and he therefore overruled the demurrer. To this action of the Chancellor, the defendants excepted and prayed an appeal, which was allowed by the Chancellor, and it is on this appeal that the litigation is now before this court.

The second bill, *Charlie Brown et al.* v. *M. J. Kyle et al.*, was filed after the overruling of the demurrer in the case of *Kyle et al.* v. *Marcom et al.* The complainants in this latter suit were certain taxpayers of Clay County, and as such, they sued the defendants Kyle *et al.* (who were complainants in the other suit) alleging that defendants were undertaking to act as Highway Commissioners of said county wrongfully and illegally and in contravention of the provisions of Chapters 54 and 219 of the Private Acts of 1943. They further demanded an accounting and settlement of public monies alleged to

have been wrongfully appropriated and expended by said defendants and prayed an injunction to restrain them from further action as such Highway Commissioners. A demurrer to this bill was sustained by the Chancellor and from this action of the Chancellor, an appeal had been perfected. It was agreed at the time of the argument of this case before this court that the two cases herein should be consolidated and heard together and that the determination of the questions raised by the first case would be a determination of the matters involved in the second.

In the first case of *Kyle et al.* v. *Marcom et al.*, both parties have made assignments of error and we shall dispose first of the assignment of error made by the complainants Marcom *et al.*, which is in substance as follows:

That the Chancellor erred in permitting an appeal upon his decree overruling the demurrer; that said appeal is premature and that it is not a final decree against any of the parties since there is still a cause of action pending under the original bill which is not disposed of as to any of the defendants.

Section 9038 of the Code, under which the Chancellor permitted the appeal, is as follows: "The chancellor or circuit judge may, in his discretion, allow an appeal from his decree in equity causes determining the principles involved and ordering an account or a sale or partition, before the account is taken or the sale or partition is made; or *he may allow such appeal on overruling a demurrer; or he may allow any party to appeal from a decree which settles his right, although the case may not be disposed of as to others.*" (Emphasis ours.)

It is to be noted that the Chancellor may allow an appeal "from a decree overruling a demurrer" *without*

*condition or limitation,* and he may allow *any party to appeal from a decree which settles his right,* although the rights of others may remain unsettled.

The Chancellor, by the decree overruling the demurrer, finally disposed of the issue between complainants and defendants, as to who were the lawful Highway Commissioners of Clay County. We think the foregoing section of the Code was clear authority for the action of the Chancellor and that the appeal was not prematurely granted or taken. In *Sigler* v. *Vaughn,* 79 Tenn. (11 Lea), 131, 133, 134, the same section of the Code was construed as follows: ''However we may construe the latter clause, whether as regarding a final decree on the merits, or a settlement of rights at any other stage, *yet as to the right of the chancellor to allow an appeal from overruling a demurrer, there is no qualification or limitation whatever.* It is the right of the party, whose demurrer has been overruled, to ask, and within the discretion of the chancellor to grant the appeal.'' (Emphasis ours.)

Never, so far as our examination discloses, has this holding of the Supreme Court been modified, and it was without express citation, affirmed in an opinion by Justice CHAMBLISS in the case of *Cory* v. *Omstead,* 154 Tenn., 513, 516, 290 S. W. 31.

Clearly we have before us an equity cause and an appeal from a decree overruling a demurrer which is sufficient to justify the action of the Chancellor in permitting the appeal. However, we think it was further justified under the final clause of section 9038 of the Code. The original bill was filed in dual aspect, but the amended and supplemental bill was filed against the defendants merely as Highway Commissioners to prevent their oc-

cupation of that office or the discharge of its duties. In the second aspect of the original bill (but not in the amended and supplemental bill) complainants sued as taxpayers, the defendants were named as old or former Highway Commissioners, *together with the sureties on their official bonds as such,* and in this phase of the bill, complainants sought an accounting and settlement for public monies alleged to have been wrongfully used by defendants.

The only question raised on the first aspect of the original bill and on the amended and supplemental bill, was the constitutionality of certain Acts of the Legislature and the determination of this question would dispose finally of the rights of complainants and defendants as Highway Commissioners and determine finally which group was to be declared the lawful Highway Commissioners and which was therefore entitled to a decree confirming them in their offices. Consequently, when the Chancellor overruled the demurrer filed by the defendants, the rights of the complainants to hold office as Highway Commissioners were finally determined so far as the Chancellor could determine it. We think, therefore, that the Chancellor properly exercised the authority vested in him by Code, section 9038 and find no abuse of his discretion in permitting the appeal when he did.

The remaining questions to be determined on the appeal seem to us to be fairly summarized as follows:

(1) Are Chapters 54 and 219 of the Private Acts of 1943 to be construed together and regarded as parts of the same legislation?

(2) If so, are the changes made by such legislation in the highway administration of Clay County real and substantial, or are the changes so colorable or nominal as

to impel us to conclude that the Acts were passed, not for the purpose of making a change in the administrative government, but with the purpose and intent of ousting complainants from office as Highway Commissioners and installing defendants in said offices?

The court takes notice that there were five Acts of the General Assembly of 1943 passed with regard to changes in government in Clay County; that all have to a greater or less extent some bearing on the two Acts forming the basis of this appeal.

These Acts for Clay County are as follows:

(1) By Chapter 283, the county was redistricted. The several districts were defined and increased from four to eight and the first magistrates named for each of the districts. This redistricting bill is not under attack in this suit or in any other suit now pending in the courts.

(2) Chapter 52 of the Private Acts of 1943 repealed Chapter 296 of the Private Acts of 1941. This latter Act was the subject of controversy between the complainants and defendants at the time of the filing of the original bill. If valid, that Act had the effect of continuing the defendants in office until September 1, 1944. Though its unconstitutionality and invalidity was alleged in the original bill, it had never been so declared by judicial authority before its repeal by the Legislature.

(3) By Chapter 53, the office of County Judge of Clay County was abolished. This Act has already been declared unconstitutional in the case of *State ex rel. Bailey* v. *Mabry*, 181 Tenn. 7, 178 S. W. (2d) 379, in an opinion of this court delivered by Justice NEIL on November 20, 1943.

(4) By Chapter 54 of the Private Acts of 1943, Chapter 698 of the Private Acts of 1937 was repealed. It is under this Act of 1937 that the complainants were elected to

office and claimed to hold it at the time of the filing of the bill herein.

(5) By Chapter 219 of the Private Acts of 1943, a new Highway Commission was defined and created for the maintenance, construction and operation of highways in Clay County. These last two Acts are those which are assailed in this litigation.

From this summary of the legislation which was passed by the Legislature in 1943 for the administration of the affairs of government of Clay County, it is evident that many changes in that government were undertaken and that changes were in no wise limited to an attempt to oust one set of Highway Commissioners and install another.

██ ██ It is scarcely necessary to cite authority for the proposition that the Legislature has the right to change the administration of county governments, or parts thereof, which it has created by prior legislation, and that this court has no right to look to the motive, conduct and intent of the Legislature. Further, if in such change some office holders lose their offices, they have no right to complain, so long as the change in government is real and not colorable, and so long as the office holders hold their offices under some prior Act of the Legislature and not under the Constitution of Tennessee. Since the opinion of *Goetz* v. *Smith*, by Chief Justice Green in 1925, which case is reported in 152 Tenn., 451, 278 S. W., 417, there have been some twenty-five opinions of this court rendered on these propositions and after every session of the Legislature, a number of these suits are brought by office holders who have been rightly or wrongly removed from their offices by Private Acts of the preceding session, "Each case of the general character now

before us stands or falls on its own facts." *Holland* v. *Parker*, 159 Tenn., 306, 307, 17 S. W. (2d) 926; *Baird et al.* v. *Baird et al.*, 175 Tenn., 350, 134 S. W. (2d) 166; *Haggard* v. *Gallien*, 157 Tenn., 269, 273, 8 S. W. (2d), 364, where a large number of the recent decisions of this court on similar facts are cited.

Reverting to the questions for our determination, we feel that Chapters 54 and 219 of the Private Acts of 1943, being passed at the same session of the Legislature on the same subject, the administration of the highways in Clay County (*Gates et al.* v. *Long et al.*, 172 Tenn., 471, 481, 113 S. W. (2d), 388; *Hill* v. *Roberts*, 142 Tenn., 215, 221, 217 S. W., 826), must be construed together, but when so construed, the full authority of the Legislature and the presumption of its action within constitutional limits and in the public welfare, must still be given full effect. *Townsend* v. *Ray*, 174 Tenn., 634, 130 S. W. (2d), 96; *Obion County* v. *Coulter*, 153 Tenn., 469, 284 S. W., 372; *State ex rel.* v. *Woolen*, 128 Tenn., 456, 161 S. W., 1006, Ann. Cas. 1915C, 465.

No attack is made on Chapter 54 *per se*, and it is not contended that the Legislature had no right to repeal Chapter 698 of the Private Acts of 1937, nor that the bill as drawn to effect the repeal, is not in proper form and properly passed and signed. This Act was declared unconstitutional by the learned Chancellor merely because he saw it as a part of Chapter 219 of the Private Acts of 1943, and so, as a part of an unconstitutional whole. The Chancellor held these two Acts unconstitutional on the single ground that they were in violation of section 8, Article 11 of the Constitution.

"The Court is of the opinion that the changes made in the highway system under the Acts in question are

colorable, in that they put one set of highway commissioners out of office and another set in office without any substantial change in the form of government of the County Highway System.'' (Opinion of the Chancellor.)

The defendants set out twelve changes which the 1943 Act made in the highway system of Clay County as it had theretofore been set up by the Act of 1937, to sustain their contention that by Chapter 219 of the Private Acts of 1943, ''A new, complete and entirely different Highway Commission was established for Clay County.'' We have carefully considered these twelve changes and are of the opinion that the following changes are real, substantial and not colorable:

(1) Under the 1943 Act, all five Commissioners are to be elected from the county at large and not as under the 1937 Act, from each of the highway districts which correspond with the four civil districts, with one additional Commissioner to be chosen from the Civil District containing the county seat. As we think it proper to consider Chapter 54, repealing the old Highway Commission, in connection with Chapter 219, which creates a new one, so we think it proper to consider Chapter 219 in connection with and in its relation to Chapter 283, by which Clay County was redistricted and the Civil Districts increased from four to eight. Such consideration clearly indicates that the change in method of electing Highway Commissioners was real and not colorable. By Chapter 283 the old Civil Districts were abolished, hence the method of selecting one Highway Commissioner from each of four road Districts, which correspond with abolished Civil Districts, was no longer convenient nor reasonable. Clearly, when the Commission was changed to be composed of five members from the County at large,

the redistricting of the county was in the mind of the draftsman, and the change was made to conform with that fundamental change in county government. *Haggard v. Gallien, supra; Holland v. Parker, supra.*

■ (2) By Chapter 219 of the Private Acts of 1943, the duties of Workhouse Commissioners and Commissioners for the Poor, which by the 1937 Act were placed upon the Highway Commissioners, were removed from the official duties of the new Commissioners. In the case of *Powers v. Wiseman,* 167 Tenn., 140, 67 S. W. (2d), 142, it was held that the *combination* of the duties of the highway and workhouse commissioners of Rutherford County was not a colorable change and it therefore follows that the *separation* of the duties of these two commissions is not colorable either.

■■ The Chancellor found that a substantial reason for holding that the changes effected by the 1943 Act were colorable, was the fact that the defendants here were named as the new Commissioners to serve *ad interim* until the next General Election in August, 1944. He might have added that the fact that this controversy was pending in his court between these two sets of Commissioners at the time of the passage of Chapter 219 by the Legislature, lent color to the idea that an Act of the Legislature was being used as a substitute for a judicial decree in a cause then pending in his court.

Under the circumstances, we agree with the Chancellor that the naming of these defendants to an *ad interim* appointment on the new Commission is objectionable and we think the Act invalid to that extent. However, if it is possible to elide this objectionable section of the Act, which contains in section 10 an all-inclusive "rescue or saving clause," it is our duty in giving full effect to the

authority of the Legislature, to make the elision and not invalidate the entire Act. *Gates* v. *Long, supra.* This is our duty, if such elision may be made without affecting the plain purpose of the legislation and if the elision does not render that part of the Act which is left, unintelligible and incomplete. Such was the course pursued by this court in invalidating an objectionable *ad interim* appointment in the case of *Cheatham County* v. *Murff*, 176 Tenn., 93, 105, 138 S. W. (2d), 430.

We think that this elision can be made as indicated, since full authority for the appointment to fill vacancies is by a later provision of this same section (section 2) fixed in the County Court. We, therefore, hold unconstitutional the first sentence of section 2 of Chapter 219 of the Private Acts of 1943, which is as follows: "That in order to carry into effect the provision of this Act the following persons who are qualified according to the provisions of this Act are hereby named to be the first members of said Board: W. A. Marcom, C. E. Clark, Frank Brown, Lester Brown and Dewey Birdwell, all of whom will serve until the first day of September 1944, and until their successors shall be elected and qualified; . . . ."

The only other serious assault that is made on the Act is that the final provision of Section 6, "That the County Highway Commission is hereby authorized to contract with or employ such other person or persons as it may deem advisable and necessary, *and may, if they so desire, employ members of the Commission as foremen or otherwise, in order to lay out, build, reconstruct, repair and maintain all public roads and bridges in the county;*" (Emphasis ours) is unconstitutional, being in violation of that portion of Article 11, section 8 of the Constitution,

which is as follows: "The Legislature shall have no power to suspend any general law for the benefit of any particular individual, nor to pass any law for the benefit of individuals, inconsistent with the general laws of the land; nor to pass any law granting to any individual or individuals, rights, privileges, immunities or exemptions other than such as may be, by the same law, extended to any member of the community, who may be able to bring himself within the provisions of such law" as well as illegal and contrary to general laws as set out in Code, section 1874, as follows: "It shall not be lawful for any officer, committeeman, director, or other person whose duty it is to vote for, let out, overlook, or in any manner to superintend, any work or any contract in which any municipal corporation, county, or the state, shall or may be interested, to be directly or indirectly interested in any such contract."

We agree that the italicized portion of said section which undertakes to permit the Commission to employ its own members for services in addition to those rendered as Commissioners (and we may assume for additional compensation), is contrary to the provisions of Article 11, section 8 of the Constitution and of Code, section 1874 *et seq.*, and that said provisions have the effect of suspending those salutary provisions of general law for the Highway Commissioners of Clay County alone.

We do not think, however, that this would invalidate the entire Act. It would perhaps be reasonable for us to rely on the conclusive presumption that public officials would not avail themselves of such an illegal privilege, but would act according to the law. Certainly this would be true unless a contrary case was presented for our determination on the facts. *Manis* v. *Farmers Bank*, 170

Tenn., 656, 659, 98 S. W. (2d), 313, where numerous authorities are cited and approved.

However, we think the objectionable provision ought to be elided since it is merely incidental and does not affect the main purpose of the Act, nor curtail any essential power therein granted the Highway Commissioners. The grant of this power is, in legal effect, identical with that discussed in *Rushing* v. *Tennessee Crime Commission*, 173 Tenn., 308, 117 S. W. (2d), 4, 8, where this court said in an opinion by Justice Cook: "If section 8 is invalid because it confers power upon the Commission to punish for contempt, the section is incidental and severable."

The following part of section 6 will accordingly be elided: "and may, if they so desire, employ members of the Commission as foremen or otherwise, in order to lay out, build, reconstruct, repair and maintain all public roads and bridges in the county."

This, we think, concludes a determination of the essential issues raised on the appeals in the cases of *Kyle et al.* v. *Marcom et al.*, and *Brown et al.* v. *Kyle et al.* All those assignments of error which have not been hereinabove expressly overruled or sustained are now overruled. As indicated in this opinion, the decree of the Chancellor in invalidating both Acts in their entirety will be modified, and the cases remanded for further proceedings not inconsistent with this opinion.

The costs of the appeals will be divided equally between the complainants and defendants and the costs of the Chancery Court will be adjudged by the Chancellor at the time of his entry of the final decrees.