WILLIAM GRINDSTAFF *v.* CARTER COUNTY *et al.*[*]

## KNOXVILLE, SEPTEMBER TERM, 1925.

1. **HIGHWAYS.** Pike commissioners are county officers.

Pike commissioners, provided for by Priv. Acts 1925, chapter 492, to have charge of building, repairing, and maintaining county turnpikes, are county officers. (*Post, pp.* 609, 610.)

2. **HIGHWAYS.** Building, repairing, and maintaining roads is county purpose under statute.

The building, repairing, and maintaining of roads, as provided by Priv. Acts 1925, chapter 492, is a county purpose, in view of Shannon's Code, section 6038. (*Post, pp.* 609, 610.)

Acts cited and construed: Priv. Acts 1925, ch. 492; Acts 1901, ch. 8.

Cases cited and approved: Condon v. Maloney, 108 Tenn., 82; Prescott v. Duncan, 126 Tenn., 106; Todtenhausen v. Knox County, 132 Tenn., 178; Whitehead v. Clark, 146 Tenn., 660.

Code cited and construed: Sec. 6038 (S.).

3. **HIGHWAYS.** County turnpike act, appointing commissioners for more than year, held unconstitutional.

(605)

Priv. Acts 1925, chapter 492, providing for turnpike commissioners with power of building and maintaining new system of county roads, and appointing one commissioner for five, and others for four, three, two, and one, years, respectively, *held* violative of

Constitution, article 11, section 17, in that appointment was for period beyond the next general election, or beyond regular session of quarterly county court. (*Post, pp.* 610-613.)

Cases cited and approved: Richardson v. Young, 122 Tenn., 471; Hodge v. State, 135 Tenn., 525; Goetz v. J. Parnick Smith, Trustee, 278 S. W., 417; Condon v. Maloney, 108 Tenn., 82; State ex rel. v. Glenn, 54 Tenn., 491.

Case cited and distinguished: State ex rel. v. Trewhitt, 113 Tenn., 561.

Constitution cited and construed: Art. 11, sec. 17; Art. 7, sec. 4.

*Headnotes 1. Highways, 29 C. J., Section 289 (Anno); 2. Highways, 29 C. J., Section 51; 3. Counties, 15 C. J., Section 143 (Anno).

FROM CARTER.

Appeal from the Chancery Court of Carter County.— Hon. HAL. H. HAYNES, Chancellor.

SELLS, SIMMONS & BOWMAN and C. B. CLARK, for Grindstaff.

COLLINS & HYDER and COX & TAYLOR, for Carter County and others.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

The bill in this cause attacked the constitutionality of chapter 492 of the Private Acts of 1925; its caption being as follows:

"An act to be entitled 'An act to provide for a system of turnpike roads in counties having a population of not less than 21,487 nor more than 21,489 inhabitants by the federal census of 1920, or by any subsequent federal census; to provide for the management and control of said turnpikes; to create a pike commission for said counties, to have charge of the building, repairing, and maintaining of all of the turnpikes in said counties; to define their duties and to provide for the condemnation of private property and turnpikes and road building materials, and the levying of taxes to raise funds for said purposes; and to provide for the election and employment of necessary officials to supervise the management, control, and building of said turnpike roads.' "

The act applies only to Carter county.

By its second section the county court shall, at its July term, 1925, and at each succeeding July term, levy a tax upon all taxable property of the county of not less than fifteen cents on the $100 worth of taxable property, and not more than thirty cents on the $100 worth of taxable property, for the purpose of building, repairing, and maintaining said roads.

By a subsequent provision of the act the trustee of the county is directed to pay over the fund derived from said tax, together with automobile registration taxes belonging to said county, to said pike commission to be expended in the building, repairing, and maintaining of said roads.

Section 3 provides, in part, as follows:

"That five qualified and competent persons, who are freeholders of the county, shall constitute the pike commission. The first pike commission under this act shall be composed of the following persons, to-wit:

"E. H. Little, chairman and superintendent of turnpikes, who shall serve until the first Monday in January, 1930, C. L. Grindstaff, secretary, who shall serve until the first Monday in January, 1929, S. A. Williams, who shall serve until the first Monday in January, 1928, W. G. Boren, who shall serve until the first Monday in January, 1927, and D. S. Peters, who shall serve until the first Monday in January, 1926. The quarterly county court, at its January term in 1926, shall elect a successor for a term of five years to the commissioner whose term of office expires in January, 1926, and the January quarterly county court each year thereafter shall elect one member of the pike commission to serve for a term of five years and to succeed the member whose term expires. All vacancies on said commission shall be filled by an election held at the regular or special quarterly county court.

"The persons set out herein shall become members of said commission immediately upon the passage of this act, and their successors shall become members immediately upon their election.

"The chairman and superintendent of turnpikes of said commission shall receive as compensation for his services six hundred ($600) dollars per annum; the secretary shall receive compensation of three hundred ($300) dollars per annum; and each of the other three commissioners shall receive compensation of one hundred ($100) dollars per annum, which shall include all expenses in-

curred in the performance of their duties as such com-missioners and shall be the entire compensation to be received by them. The compensation of said commis-sioners shall be paid out of the turnpike funds.''

The seventeenth section of the act is as follows: ''That $15 per month or as much thereof as may be actually ex-pended be appropriated by the commission out of said pike funds to defray the expenses of the chairman and superintendent of turnpikes.''

The act in question, with the exception hereinafter pointed out, is, in its general scope and purpose, similar to the Knox County Road Law (chapter 8, Acts of 1901), the validity of which was upheld by this court in *Condon* v. *Maloney,* 108 Tenn., 82, 65 S. W., 871.

In that case this court assumed that the road commis-sioners were county officers, and dealt with them as such.

We are of the opinion that the pike commissioners, cre-ated by the act in question, are county officers. The building, repairing, and maintaining of roads is a coun-ty purpose. Shannon's Code, section 6038; *Prescott* v. *Duncan,* 126 Tenn., 106, 148 S. W., 229.

And these duties, under the act, are conferred upon these pike commissioners. The office is a permanent one, the tenure of which is five years, and each commissioner receives a fixed salary.

These commissioners are not to expend a particular fund derived from a bond issue, or to construct certain specified roads, but they are to expend from year to year the road funds arising from taxation and automo-bile registration in building and maintaining the roads of the county, exercising their judgment and discretion as to what roads shall be constructed or repaired, and when same shall be done.

152 Tenn.—39.

In other words, the power of building and maintaining roads is taken from the county court, and lodged with this commission, and this new system is permanent in its nature. Hence this cause is to be distinguished from *Todtenhausen* v. *Knox County,* 132 Tenn., 178, 177 S. W., 487, and *Whitehead* v. *Clark,* 146 Tenn., 660, 244 S. W., 479, where the office of commissioner was only temporary and for the expenditure of the proceeds of particular bond issues.

For the complainant it is contended that the act in question violates section 17 of article 11 of the Constitution, which provides that: "No county office created by the legislature shall be filled otherwise than by the people or the county court."

It is conceded that, upon the authority of *Condon* v. *Maloney,* supra; *State ex rel.* v. *Trewhitt,* 113 Tenn., 561, 82 S. W., 480; *Richardson* v. *Young,* 122 Tenn., 471, 125 S. W., 664; *Hodge* v. *State,* 135 Tenn., 525, 188 S. W., 203; and *Goetz* v. *J. Parnick Smith, Trustee,* 278 S. W., 417—decided at Knoxville on December 19, 1925, the act, in this particular, would have been valid had it limited the appointment of these commissioners to the next general election, or until the next regular meeting of the quarterly county court. But these limitations were disregarded, and one commissioner was appointed for five years, another for four, another for three, one for two, and the fifth for one years, respectively. In other words, these appointments extended beyond several general elections and beyond many sessions of the quarterly county court, and were in direct conflict with the constitutional provision invoked. If the legislature has the power to appoint one of these commissioners for

five years, it can appoint all for that period, or for ten years, or for such time as it sees fit. To admit such power would result in the destruction of this salient prohibition of our Constitution.

This court, in *Prescott* v. *Duncan,* supra, in referring to this provision of the Constitution, said: ''The foregoing section originated in the Constitution of 1870 and we have no doubt it was suggested to the conventions by the State of the government existing at and just prior to its meetings. The counties had been afflicted with an orgie of commissions appointed from Nashville, many of them hostile in sentiment and conduct to the people over whom they were set, and most of them appointed because of this hostility. To insure against a repetition of such a régime, the section of the Constitution above quoted was provided.''

In *State ex rel.* v. *Trewhitt,* supra, the court had this section under consideration, in passing upon a statute by which the term of the county attorney of Hamilton county was extended. The court said:

''The question to be determined is whether the foregoing constitutional provision is violated by that portion of the act which provides that the incumbent shall continue to hold the office until the new term begins. The decision of this question must be found in a true construction of the provision quoted. That provision was intended to preserve the right of choice to the people, either directly or through their designated agents, the justices of the county court, and no act can be allowed to stand which substantially interferes with such choice.

''Does the act in question so interfere? We are of the opinion that it does. A term equal in length to the orig-

inal term, or, to state it differently, half the length of the new term, is bestowed upon the incumbent by the legislature, and to that extent the people are deprived of the exercise of the right of choice which they reserved to themselves. This is a substantial violation of the terms of the provision.

"There can be no doubt that the legislature, upon creating a new county office or State office, may provide for the filling of such office by appointment until the next general election. Such was the case of *Condon* v. *Maloney*, 108 Tenn., 82, 100-103, 65 S. W., 871. And this was the course pursued when the court of chancery appeals was created in 1895, and it is the course always pursued when a new judicial circuit or chancery division is created."

This court, in its decisions, has never gone further than to hold that the legislature, upon creating a new county office, may provide for the filing of the office until the next general election, or the meeting of the quarterly county court. To further extend the rule would be to render the section nugatory.

Under this section of the Constitution two methods are provided for filling a newly created county office, viz. by the people at a general election, or by their designated agents, the justices of the county court; and in creating the office the legislature must prescribe whether it is to be filled by the people or the county court. *State ex rel.* v. *Glenn*, 7 Heisk., 491.

In the decisions of this court hereinbefore cited, it was held that every new office created must, of necessity, be vacant from the time of its creation until it is filled by appointment or election, and that such vacancy, under

section 4 of article 7 of the Constitution, may be filled in such manner as the legislature may direct. But where the act provides for the appointment of an officer for a period beyond the general election, or beyond the regular session of the quarterly county court, then such act directly conflicts with the constitutional provision invoked.

The legislature has a right to say that the officer shall be elected by the people. This cannot be done until the next regular election. In the meantime, there is an office without an officer; a vacancy which can be filled by appointment or election until the next general election. Such action in no sense conflicts with the Constitution.

It is very clear that the act in question conflicts with section 17 of article 11 of the Constitution.

Upon this and other grounds the chancellor held the act invalid, and his decree will be affirmed.