MILLER *v.* GAUT.

(*Knoxville,* September Term, 1933.)

Opinion filed Nov. 18, 1933.

DIVINE, GUINN & MITCHELL, for Albert S. Miller.

SIMMONDS & BOWMAN and COX, TAYLOR & EPPS, for Frank B. Gaut.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

Private Acts 1929, ch. 528, created the "office of Deputy Tax Assessors" in Washington County, with a "term of office" coextensive with that of the county tax assessor, and fixed the salary of the office.

Complainant, A. S. Miller, was designated in the statute as such deputy tax assessor "to serve during the remainder of the term of office of the present tax assessor;" his successors to be appointed by the county court.

Private Acts 1931, ch. 285, reciting that the said A. E. Miller had become permanently incapacitated by illness, amended the act of 1929 "by striking out the name of A. S. Miller" and "inserting in lieu thereof the name of Frank B. Gaut," the defendant in this suit.

The original bill asserts the invalidity of Miller's removal as being an unconstitutional effort by the Legislature to legislate him out of office. *Malone* v. *Williams,* 118 Tenn., 390, 467-480, 103 S. W., 798, 121 Am. St. Rep., 1002; *Smith* v. *Sells,* 156 Tenn., 539, 3 S. W. (2d), 660.

The chancellor ruled that complainant had so far recognized the validity of the act of 1931, by turning over the office to Gaut, that he had estopped himself from asserting its unconstitutionality. The case is before us on complainant's appeal.

The term of office to which Miller was appointed by the Legislature had expired before the case was presented to us.

The office created by the act of 1929 is a county

office, which the act directs shall be filled by an election of the quarterly county court. The power of the Legislature to fill the office by appointment was limited by the Constitution to an appointment for the period elapsing between the passage of the act and the first meeting of the county court thereafter. *Grindstaff* v. *Carter County*, 152 Tenn., 605, 279 S. W., 1041.

The designation of Miller for a term of years was therefore beyond the constitutional power of the Legislature, and was·ineffective to invest him with a *de jure* right to the term. His subsequent removal by an act, likewise unconstitutional for the same reason, did not deprive him of any right under the Constitution. The decree of the chancellor dismissing the bill is therefore affirmed.