TREADWAY *et al. v.* CARTER COUNTY *et al.*

(*Nashville,* December Term, 1937.)

Opinion filed July 2, 1938.

Guy O. Ferguson and J. Malcolm Shull, both of Elizabethton, for complainants.

E. M. Johnston and M. W. Snell, both of Elizabethton, for defendants.

Mr. Justice McKinney delivered the opinion of the Court.

The bill challenges the validity of Chapter 725, Private Acts 1937, which provides that the county superintendent of public instruction shall be elected thereafter by the county court instead of by the qualified voters of said county, as required by Chapter 189, Private Acts 1935, and repeals the latter act. The 1935 Act provided that such official in Carter County should be elected on the first Thursday in August, 1936, and every two years thereafter, his term beginning on the first Monday of September following his election, and shall continue in office until his successor is elected and qualified. Pursuant to said Act of 1935, the defendant K. P. Banks was elected to said office in August, 1936, and is at present discharging the duties thereof.

The 1937 Act, both in its caption and in its body, provides that such officer shall thereafter be elected by the county court, the first election to be held at its January session, 1939, and every two years thereafter, the term of such official to begin on the first day of March

succeeding his election. Said Act, both in its title and in its body, further provides that the present incumbent shall serve as such official from the expiration of his term (September 1, 1938) until a successor is elected and qualified under the Act.

Counsel for defendants concede that this latter provision violates Article 11, Section 17, of the State Constitution, which provides:

"No county office created by the Legislature shall be filled otherwise than by the people or the County Court."

This construction is in harmony with the decisions of this court. *Miller* v. *Gaut*, 166 Tenn., 652, 64 S. W. (2d), 506; *Davis* v. *Williams*, 158 Tenn., 34, 12 S. W. (2d), 532; *Grindstaff* v. *Carter County*, 152 Tenn., 605, 279 S. W., 1041; *State ex rel.* v. *Trewhitt*, 113 Tenn., 561, 82 S. W., 480; *Condon* v. *Maloney*, 108 Tenn., 82, 65 S. W., 871.

Counsel for defendants contend, however, that the two subjects are severable, and that so much of the Act as continues the present incumbent in office should be elided. In support of this contention we are referred to the decision of this court in *State ex rel.* v. *Trewhitt*, *supra*, in which a private act passed April 9, 1903, Acts 1903, ch. 576, making the office of county attorney a two-year term instead of one, and continuing the incumbent in office until January, 1905, was sustained by eliding the latter provision, the court in its opinion saying (page 571):

"It is thus seen that the extension of the term of relator as county attorney cannot be sustained either as the effect of direct legislative action, or by implication or inference under the constitutional provision concerning the holding over of incumbents.

"We have, then, an act embracing two subjects, only

one of which is included within the title, the necessary result of which is that it must be declared unconstitutional, unless the two subjects are severable, and are not so interwoven as that we can see that the Legislature would not have passed the act with either omitted. We are of opinion that the two subjects are severable; that the first expressed the chief purpose of the Legislature, and that the second—the extension of the term of the incumbent—was merely incidental and subordinate, and can be stricken out without in any sense impairing the efficiency of the act; and this should be done, and the act preserved. *Jones* v. *Memphis,* 101 Tenn., 188, 47 S. W., 138.''

It will be observed that in that case the body of the act embraced two subjects, only one of which was included in the title. While in the Act under consideration the same two subjects are embraced in the title as well as in the body of the Act, in violation of Article 2, Section 17, of the State Constitution, which provides: ''No bill shall become a law, which embraces more than one subject; that subject to be expressed in the title.''

The same learned jurist who wrote the opinion in the *Trewhitt Case* subsequently wrote the opinion in the case of *McCamey* v. *Cummings,* 130 Tenn., 494, 172 S. W., 311, in which he quoted approvingly from Cooley's Constitutional Limitations (5 Ed.), pp. 178, 179, as follows (page 503):

''If the title to the act actually indicates, and the act itself actually embraces, two distinct objects, when the Constitution says it shall embrace but one, the whole act must be treated as void, from the manifest impossibility in the court choosing between the two, and holding the act valid as to the one and void as to the other.''

Also from Black's Constitutional Law, wherein it is

stated: "And where the title embraces two objects, and the act embraces two subjects, so that it is impossible to tell which object was intended by the Legislature, the courts are not at liberty to select one object and sustain the law as to that alone; the whole act must fall."

We have been referred to no decisions in which a different interpretation of this constitutional inhibition was expressed. This seems conclusive of the question before us; so that the decree of the chancellor holding the Act unconstitutional must be affirmed.