WILLIAMS *et al. v.* MABRY, COUNTY JUDGE, *et al.*

(*Jackson,* April Term, 1940.)

Opinion filed June 13, 1940.

344

Ross & Ross, of Savannah, for complainants.

No attorney for defendants.

Mr. Justice McKinney delivered the opinion of the Court.

By the bill complainants, some of whom are taxpayers and others are solicitors representing the state and county in numerous pending tax suits, attack the constitutionality of Chapter 313, Private Acts of 1939, which we copy herein in full as follows:

"An Act to create the office of County Attorney for counties in the State of Tennessee having a population of not less than 16,200, nor more than 16,230 according to the Federal Census of 1930, or any subsequent Federal Census; to fix the term and salary of said office, and to prescribe the duties and qualifications thereof.

"Section 1. Be it enacted by the General Assembly of the State of Tennessee, That there is hereby created the office of County Attorney for counties in the State of Tennessee having a population of not less than 16,200, nor more than 16,230 according to the Federal Census of 1930, or any subsequent census.

"Section 2. Be it further enacted, That the Governor shall designate and appoint the first incumbent, or incumbents for said office, or offices, to serve in such capacity until the first Monday in January, 1940, at which time the Quarterly County Court in all counties of Tennessee to which this Act shall apply shall elect, or appoint a successor to the said office of County Attorney for a term of two (2) years and at the end of each two (2) year term, the said Quarterly County Court in all counties of Tennessee to which this Act shall apply, shall elect, or appoint a successor and the Clerk of said Quarterly County Court shall make an entry upon the minutes of said Court the proceedings had in the election, or appointment of the County Attorney and shall administer to each incoming County Attorney the oath required of all County Officials.

"Section 3. Be it further enacted, That the salary of said office shall be Twelve Hundred ($1200.00) Dollars per annum, payable monthly, out of the general funds of the county, upon a warrant drawn by the County Judge upon the County Trustee.

"Section 4. Be it further enacted, That it shall be the

duty of said County Attorney to attend to and transact all the legal business of the county, either in Court, or otherwise; to advise any and all county officials upon matters pertaining to their respective offices and to represent the county in all legal matters, including the collection by suit, or otherwise all delinquent taxes due the county, or that may become due the county in the future and he shall represent the county in all suits now pending in the Courts for the collection of delinquent State and County taxes and any and all fees allowed as attorneys fees under the general statutes, or otherwise for the collection of delinquent taxes shall be collected and receipted for by the County Attorney and remitted, or deposited with the County Trustee to be by him placed to the credit of the general county fund.

"Section 5. Be it further enacted, That said County Attorney shall be a resident of the county in which he serves as such and shall be a duly licensed practicing attorney before the Courts of Tennessee.

"Section 6. Be it further enacted, That all laws, or parts of laws in conflict with this Act be and the same are hereby repealed, and this Act shall take effect from and after its passage, the public welfare requiring it.

"Passed February 20, 1939.

"John Ed O'Dell,

"Speaker of the House of Representatives.

"Blan R. Maxwell,

"Speaker of the Senate.

"Approved Feb. 27, 1939.

"Prentice Cooper,

"Governor."

It is insisted that the Act violates Article 11, Section 17, of the Constitution, which provides:

"No county office created by the Legislature shall be filled otherwise than by the people or the County Court."

The chancellor, after eliding certain provisions of the Act, sustained its validity. Complainants have appealed to this court and by appropriate assignments of error insist that the Act is invalid.

It will be noted that three sessions of the county court intervened between the date that the Act become effective and the term at which the court was to elect a county attorney under its provisions.

 It is also averred in the bill that the Governor on April 8, 1939, commissioned a member of the Hardin County bar to act as county attorney until the office was filled by the county court. The chancellor held this temporary appointment invalid, but held that so much of the Act as authorized such appointment could be elided without doing violence to the chief purpose which the Legislature had in mind in its enactment, namely, the creation of the office of county attorney. This conclusion of the chancellor is fully sustained by our decisions. Where such an invalid provision is incidental and subordinate and can be stricken without in any sense impairing the efficacy of the act this will be done. *Butler* v. *McMahan,* 166 Tenn., 511, 515, 64 S. W. (2d), 1; *Scott* v. *Nashville Bridge Co.,* 143 Tenn., 86, 121, 122, 223 S. W., 844; *Galoway* v. *State,* 139 Tenn., 484, 202 S. W., 76, L. R. A., 1918D, 970; *Richardson* v. *Young,* 122 Tenn., 471, 522, 523, 125 S. W., 664; *Fite* v. *State ex rel.,* 114 Tenn., 646, 88 S. W., 941, 1 L. R. A. (N. S.), 520, 4 Ann. Cas., 1108; *State ex rel.* v. *Cummins,* 99 Tenn., 667, 42 S. W., 880; *Reelfoot Lake Levee District* v. *Dawson,* 97 Tenn., 151, 36 S. W., 1041, 34 L. R. A., 725; *Burkholtz* v. *State,* 84 Tenn. (16 Lea), 71; *Tillman* v. *Cocke,* 68 Tenn. (9 Baxt.), 429, and numerous other cases.

█ This court, as constituted at the present time, has not passed directly upon the question of eliding an invalid provision in an act under the two-subject clause of the Constitution. Const., art. 2, sec. 17. In *Heymann* v. *Hamilton Nat. Bank*, 151 Tenn., 21, 28, 266 S. W., 1043, 1045, it was said: "Some of us do not believe that elision is permissible to save an act otherwise bad under the two-subject clause of the Constitution." Upon this question the opinions of our predecessors are not harmonious, there being a number of decisions supporting both theories. It is insisted in the present cause that the provision providing for a temporary appointment is a subject not covered by the caption, and hence the body of the Act is broader than the title. The title of the Act is "to create the office of County Attorney." The method by which the office thus created is to be filled, as set forth in the body of the Act, has a natural connection with the title and cannot be said to be foreign to or incongruous therewith.

█ This court in numerous decisions has held that the provision as to the one subject of bills is to be liberally construed so as not to embarrass legislation. *Chumbley* v. *People's Bank & Trust Co.*, 166 Tenn., 35, 60 S. W. (2d), 164; *Goetz* v. *Smith*, 152 Tenn., 451, 278 S. W., 417; *House* v. *Creveling*, 147 Tenn., 589, 250 S. W., 357; *Davis* v. *Hailey*, 143 Tenn., 247, 227 S. W., 1021; *Kizer* v. *State*, 140 Tenn., 582, 205 S. W., 423; *Cannon* v. *Mathes*, 55 Tenn. (8 Heisk.), 504.

█ It is equally well settled that where the subject of a statute is sufficiently stated in the title the manner, mode, means, or instrumentalities of its enforcement, administration, or accomplishment may be embraced in its body, though not recited or stated in the title. *Petty*

v. *Phoenix Cotton Oil Co.*, 150 Tenn., 292, 264 S. W., 353, and cases cited therein.

In *Grindstaff* v. *Carter County*, 152 Tenn., 605, 279 S. W., 1041, the question of severability was not involved. Under the provisions of the act considered in that case it may be doubted whether the invalid clause could have been treated as incidental and subordinate since the Legislature designated the road commissioners who were to serve from one to five years with authority vested in the county court to name their successors.

In *Miller* v. *Gaut,* 166 Tenn., 652, 64 S. W. (2d), 506, the bill attacked Chapter 285, Private Acts of 1931, upon the ground that it unlawfully removed complainant from the office of deputy tax assessor in Washington County in violation of Article 1, Section 8, of the State Constitution. There complainant, by Chapter 528, Private Acts of 1929, had been named to fill said office for a term of years in violation of Article 11, Section 17; and the court simply held that since his appointment was illegal he could not complain if he was removed by an invalid act. The constitutionality of the act creating the office and naming him to occupy it was not otherwise involved.

We think the chancellor was correct in holding that the Act in question did not contain two subjects.

It is urged by counsel for complainants that by eliding the provision for a temporary appointment by the Governor a ten months' vacancy in office occurred, which rendered the Act invalid. This contention is without merit. So far as we are advised, the authorities make no distinction with respect to a vacancy in a new and an old office. In *State ex rel. Rambo* v. *Maloney,* 92 Tenn., 62, 72, 20 S. W., 419, 422, it is said:

"There is a vacancy in every instance in which there is an office without an incumbent. Every office without

an officer is vacant. Therefore every new office created must, of necessity, be vacant from the time of its creation until it is filled by appointment or election.''

This statement was quoted approvingly by the Court of Appeals of New York in *People* v. *Hylan,* 212 N. Y., 236, 106 N. E., 89, 91, Ann. Cas., 1915D, 122, preceded by the following excerpt from an opinion by the Supreme Court of Indiana in *Stocking* v. *State,* 7 Ind., 326: ''There is no technical nor peculiar meaning to the word 'vacant,' as used in the Constitution. It means empty, unoccupied; as applied to an office, without an incumbent. There is no basis for the distinction urged that it applies only to offices vacated by death, resignation, or otherwise. An existing office without an incumbent is vacant, whether it be a new or an old one. A new house is as vacant as one tenanted for years which was abandoned yesterday.''

In 46 C. J., 973, it is said:

''A newly created office which is not filled by the legislative act creating it, and for which no provision is made by the act for filling it, becomes vacant on the instant of its creation;'' etc.

The Act under consideration having created the office of county attorney to be filled by the county court at its January, 1940, term, without having made lawful provision for its occupancy until that time, results in a ten months' vacancy, as contended, but does not for that reason render the Act invalid any more than the vacancy in any other office results in its abolition.

It is further contended that the Act violates the due process clause of the State Constitution, Article 1, Section 17; and the clause which prohibits the taking of services or property for public use without just compensation, Article 1, Section 21. This insistence is predicated upon the theory that by Section 4 of the Act the

fees for services rendered by complainant solicitors in the pending tax suits are taken from them and placed in the county treasury. This contention is based upon a misinterpretation of that section. It does confer upon the county attorney the duty of prosecuting all pending tax suits, and impliedly relieves counsel who instituted those suits from further participation therein. A litigant, of course, has the right to dispense with the services of his counsel whenever he chooses to do so and employ other counsel, but he is not thereby relieved of the responsibility of compensating them for the services rendered to the date of their discharge. In our opinion the Legislature had no intention of depriving complainant solicitors of the fees or compensation which they had earned. We find nothing in the Act upon which such a contention can be based. The clause "any and all fees allowed as attorneys fees under the general statutes, or otherwise for the collection of delinquent taxes shall be collected and receipted for by the County Attorney and remitted, or deposited with the County Trustee to be by him placed to the credit of the general county fund" Section 4, refers to fees accruing during the tenure of office of the county attorney. In other words, since he is paid a fixed salary, he is not to retain in addition the fees so collected but is to pay same into the county treasury.

The chancellor very properly elided the provision authorizing the Governor to fill the office of county attorney temporarily, and with that provision stricken we think the Act is free from the attacks made upon it.

The chancellor reached a correct result; hence his decree will be affirmed with costs.