STATE ex rel. JARDINE et al., Relator, v. FORD, GOVERNOR, Respondent.

No. 8808

Submitted January 9, 1948. Decided January 10, 1948.

188 Pac. (2d) 422

Mr. Art Jardine, pro se.

Mr. I. W. Church, pro se.

Mr. H. C. Hall, pro se, and Mr. R. F. Clary, Jr., and Mr. William F. Browning, both of Great Falls, for relator Hall.

Mr. R. V. Bottomly, Atty. Gen., Mr. Clarence Hanley, Asst. Atty. Gen., and Mr. Alfred F. Dougherty, of Helena, for respondent.

MR. CHIEF JUSTICE ADAIR delivered the opinion of the Court.

Mandamus. Original proceeding. Relators are duly licensed members of the bar of this court engaged in the practice of law, resident taxpayers and electors in the eighth judicial district of the state of Montana. They petition for a writ of mandate directing the governor to appoint a district judge to fill the vacancy which they represent now exists in the office of the judge of the district court of the eighth judicial district by reason of the retirement from said office of the Honorable Harry H. Ewing.

In March 1909 Judge Ewing became a duly appointed, qualified and acting judge of the district court of the eighth judicial district of the state of Montana under an Act of the legislative assembly approved February 22, 1909, Laws of 1909, c. 26, page 31. Since then at each succeeding general election at which district judges were regularly elected he

has been re-elected to said office which he continuously occupied from March 1909 to midnight on the 31st day of December 1947.

At the general election held on November 7, 1944, Judge Ewing was elected to said office for a full term of four years commencing on the first Monday in January 1945 when he qualified and assumed the duties of said office which he discharged to and including December 31, 1947.

On September 16, 1947, Judge Ewing duly executed and filed with the board of administration of the public employees' retirement system of this state his election in writing to become a member of such system, as provided for in Chapter 212, Laws of 1945, as amended. He has made all payments and done all things required of him by said law and is a duly qualified member of said retirement system.

On November 20, 1947, Judge Ewing advised the board of administration of said public retirement system that on December 31, 1947, he would retire as such district judge and on November 25, 1947, he filed with said board his signed, written application for service retirement wherein, among other things, he represented that he is of the age of 81 years; that he had completed a total of almost 39 years of public service and that, ''In accordance with the provisions of Chapter 212, Laws of 1945, I hereby make application for retirement from active service as a District Judge * * *.''

On December 31, 1947, Judge Ewing, by letter, officially notified respondent, the Honorable Sam C. Ford, of his intention to retire from his office as judge, which letter reads: ''This is to advise you as Governor of the State of Montana that I am retiring under the provisions of Chapter 212, Laws of 1945 and Acts amendatory thereof, as of midnight December 31st, 1947 from my office as Judge of the Eighth Judicial District of the State of Montana and that from and after my retirement a vacancy will exist in the office of District Judge for said District.''

The pleadings of the respective parties admit: That at all

times since midnight of December 31, 1947, Judge Ewing has refrained from carrying on the duties of the office of district judge; that he has withdrawn from active service as such district judge and that he has duly and regularly retired from active service of the state of Montana, within the intent, purposes and provisions of Chapter 212, Laws of 1945.

On December 22, 1947, in advance of Judge Ewing's retirement and in contemplation thereof, the governor requested from the attorney general an opinion as to whether a vacancy would be created upon Judge Ewing's retirement from his official position as judge. The attorney general thereafter advised the governor that in his opinion under subdivisions 3 and 7 of section 511, Revised Codes of Montana 1935, unless Judge Ewing gave the governor "his resignation * * * the office will not be vacant until three full consecutive months have elapsed in which he has refrained from discharging the duty of his office, unless prevented from discharging his duty by sickness."

Relators show that numerous probate matters and civil and criminal cases are now pending in said district court; that many of the cases are at issue and awaiting trial; that said cases cannot be tried or determined until another judge is obtained; that because of illness and the press of work in other judicial districts, it is impossible to obtain the assistance of outside judges in trying or disposing of said cases and that great injustice, loss, injury and hardship will result to the parties litigant as well as to the lawyers of said district unless and until another judge is either appointed or elected to succeed Judge Ewing in said office and that although request has been made of respondent, as governor, to appoint a judge for said district and court, he refuses to make such appointment and will continue to refuse so to do by reason of the said opinion so given him as aforesaid.

Chapter 212, Laws of 1945, provides: "Section 1. The purpose of this act is to effect economy and efficiency in the public service by providing a means whereby employees who be-

come superannuated or otherwise incapacitated may, without hardship or prejudice, be replaced by more capable employees, and to that end providing a retirement system consisting of retirement compensation and death benefits. * * *

"Section 31. After a member has qualified as to service and disability for retirement for disability, or as to age and service, for retirement for service, nothing shall deprive him of the right to a retirement allowance as determined under this act. Such retirement allowance and qualification therefor, shall be subject otherwise to the provision of this act. * * *

"Section 33. No person who has been retired for service or disability and who receives a retirement allowance under the retirement system shall be paid for any service rendered by him to the state or to a contracting city after the date of his retirement."

Chapter 297, Laws of 1947, provides:

"Section 2. * * * (ad) 'Retirement' shall mean withdrawal from active service with a retirement allowance granted under the provisions of this act. * * *

"Section 19. Retirement of a member for service shall be made by the board of administration as follows: * * * (d) Upon obtaining the age of *sixty (60)* years or more and completing *ten (10)* years of *public* service credited under this act, any member shall be retired upon his written application to the board, *subject to the provisions* of Section 20 (d) of the pubic employees retirement act."

Subdivision 20 (d) above referred to has application only to cases wherein a member retires before attaining the age of sixty-five years. The subdivision has no application to a case such as this where the retiring member, after rendering almost 39 continuous years of public service as a district judge, has attained the age of 81 years.

Section 18 (m) of the Act, as amended, Laws of 1947, at page 676, provides: "Any member with ten (10) or more years of service, whose service is discontinued otherwise than by death or retirement, shall have the right to elect within ninety

512

(90) days after such termination of service, and without right or revocation, whether to allow his accumulated contributions to remain in the retirement fund. Upon the qualification for retirement by reason of age or disability of a member who has elected to allow his accumulated contributions to remain in the retirement fund, he shall receive a retirement allowance in accordance with the provisions of Section 20 of the public employees retirement act, exclusive of sub-paragraph (g) of Section 20.''

Subsequent to Judge Ewing's letter of November 20, 1947, and his application for service retirement filed November 25, 1947, the board on December 19, 1947, wrote Judge Ewing:

''My dear Judge Ewing: This is to advise you that the Board of Administration of the Public Employee's Retirement System meeting this afternoon unanimously passed your request for Joint and Last Survivor claim in the amount of $121.92 per month.

''This will become effective as of January 1, 1948.

''For your further information the Board of Administration this afternoon passed the following regulation somewhat relating to your case. * * *

''Regulation Adopted by the Board of Administration of the Public Employees' Retirement System at Its Regular Meeting Deecmber 19, 1947. 'Retirement' shall mean withdrawal from active service with a retirement allowance granted under the provisions of Chapter 212, Laws of 1945, as amended by Chapter 297, Laws of 1947. Such retirement may be effected voluntarily by an elective officer who is a member of the retirement system by his resignation from such office upon his reaching retirement age.''

This regulation provides one method of qualifying for retirement benefits but it is not by any means the exclusive method.

As heretofore noted the legislature has defined ''retirement'' in subdivision (ad) of section 2 as amended by section 1 of the 1947 Act, at page 662. Judge Ewing voluntarily and

permanently withdrew from active service as a district judge with a retirement allowance granted under the provisions of Chapter 212, Laws of 1945, as amended by Chapter 297, Laws of 1947, and he gave official written notice thereof to the governor on the date whereon he retired with the expressed intention to then and there cease to longer function or perform the duties of the office of district judge.

Since he is now entitled to and will receive a retirement allowance under the retirement system, Judge Ewing shall not be paid for any service rendered by him to the state after December 31, 1947, being the date of his retirement. Sec. 33, Laws of 1945, p. 536. No longer has he the right to exercise the functions of the office of district judge nor to take its fees or emoluments. Judge Ewing voluntarily exercised the right that was his to permanently retire from the office he had so long and honorably filled. This left and leaves a vacancy which is to be filled by the appointment of the governor.

In LaBorde v. McGrath, 116 Mont. 283, 292, 149 Pac. (2d) 913, 917, we said: " 'The word ''vacancy'' as applied to a public office, has no technical meaning, and it is not to be taken in a strict technical sense in every case. It may be said that an office is vacant when it is empty and without an incumbent who has a right to exercise its functions and take its fees or emoluments, even though the vacancy is not a corporal one. Accordingly, an office is not vacant so long as it is supplied in the manner provided by the Constitution or law with an incumbent who is legally qualified to exercise the powers and perform the duties which pertain to it; and, conversely, it is vacant in the eye of the law whenever it is unoccupied by a legally qualified incumbent who has a lawful right to continue therein until the happening of some future event.' 42 Am. Jur., sec. 131, p. 976. 'An office without an incumbent is vacant.' State ex rel. Patterson v. Lentz, 50 Mont. 322, 336, 146 Pac. 932, 935. See also, State ex rel. Chenoweth v. Acton, 31 Mont. 37, 40, 77 Pac. 299, 300." See also State ex rel. Buckner v. Mayor of Butte, 41 Mont. 377, 109 Pac. 710.

Section 34 of Article VIII of the Constitution provides: "Vacancies in the office of * * * judge of the district court * * * shall be filled by appointment, by the governor of the state * * *." See also section 8820, Revised Codes of 1935.

Section 511, Revised Codes of 1935, enumerates events the happening of either of which will cause an office to become vacant but this court has long since held that such statute "is by no means exclusive." In State v. Lentz, 50 Mont. 322, 146 Pac. 932, 935, this court, speaking through Chief Justice Brantly, said: "An office without an incumbent is vacant, whether it never had an incumbent or the vacancy has been caused by death of the incumbent or by the happening of any other one of the contingencies enumerated in section 420 of the Revised Codes [now sec. 511, Rev. Codes 1935], or is the result of the failure of the electors to choose a successor to the incumbent, when the term attached to the particular office has expired and the incumbent is not authorized to hold over until his successor has been elected and qualified. *For, though the statute declares that a vacancy occurs upon the happening of any of the events therein enumerated, it is by no means exclusive,* as is apparent from the decision in State ex rel. Jones v. Foster, 39 Mont. 583, 104 Pac. 860. * * * As soon as a vacancy occurs, the appointing power may act (Const. Art. VII, sec. 7) ; but since, as we shall see later, the Constitution does not distinguish vacancies into different classes on account of the exigencies which occasion them, the term for which the appointment holds good is governed by the limitations upon the appointing power therein prescribed." (Emphasis supplied.)

As before stated Judge Ewing has voluntarily withdrawn ▮▮▮ and permanently removed himself from the office of district judge. He officially advised the governor to that effect stating that he was retiring from his office "as of midnight December 31st, 1947 * * * and that from and after my retirement a vacancy will exist in the office of District Judge for said District." This was the considerate judgment of a learned district judge in his own case. He declared that a

vacancy would exist from and after midnight on the last day of the year 1947. We find that such a vacancy does now exist and that it is wholly inmaterial whether the writing handed the governor announcing the judge's voluntary permanent withdrawal is termed "resignation" under subdivision 3 of section 511, Revised Codes, or a "retirement" under subdivision (ad) of section 2 of section 1, Chapter 297, Laws of 1947.

The words "vacancy" and "vacancies" as used in the Constitution have no technical or peculiar meaning and there is no basis for the distinction urged that such words apply only to offices vacated by death, resignation or in some other manner specifically enumerated in section 511, Revised Codes of 1935. See State ex rel. Dosland v. Holm, 202 Minn. 500, 279 N. W. 218; Williams v. Mabry, 176 Tenn. 343, 141 S. W. (2d) 481; Bigger v. Unemployment Comp. Comm., Del. Super., 46 A. (2d) 137; State ex rel. Herman v. City of Grand Island, 145 Neb. 150, 15 N. W. (2d) 341; State ex rel. Haberlan v. Love, 95 Neb. 573, 145 N. W. 1010, Ann. Cas. 1915D, 1078; Hunn v. New York State Teachers' Retirement System, 264 App. Div. 188, 35 N. Y. S. (2d) 49, 53.

There being a vacancy in the office of district judge caused by the voluntary and permanent withdrawal and retirement of Judge Ewing, agreeable to the mandate of our Constitution the vacancy "shall be filled by appointment, by the governor of the state." Sec. 34, Art. VIII, Constitution. Accordingly, it is ordered that the writ prayed for issue forthwith.

Associate Justices Choate, Gibson, Angstman, and Metcalf, concur.