CARR *v.* STATE *ex rel.* ARMOUR.

(*Jackson,* April Term, 1953.)

Opinion filed February 11, 1954.

E. J. HARRIS and W. J. SAVAGE, JR., both of Bolivar, for appellant.

ALAN M. PREWITT, JR., of Bolivar, for appellee.

MR. JUSTICE BURNETT delivered the opinion of the Court.

The bill challenges the validity òf Chapter 19 of the Private Acts of 1953, House Bill 66, which provides for election of the County Superintendent of Schools of Hardeman County by a popular vote rather than by a vote of the County Court; changes the term of office of the Superintendent of Schools so as to make it begin on September 1st, of even years following the general election held in August of even years; designates the appellant, Ben W. Carr, to hold the office until August 31, 1954; and otherwise fixing certain of his duties. The appellee who was relator below had been elected County Superintendent of Schools by the Quarterly County Court on January 5, 1953, preceding the passage of the bill attacked in this lawsuit. Armour had been elected under a law applying to Hardeman County being Chapter 36, Section 1, of the Public Acts of 1943 and had been elected for a term of 4 years from January 15, 1953, until January 15, 1957.

The bill was attacked primarily because it violated Article 11, Section 17 of the Constitution of Tennessee which provides: ''No county office created by the Legis-

lature shall be filled otherwise than by the people or the County Court.'' The bill was demurred to. After due consideration the Chancellor concluded that the bill as a whole created a substantial change in the office of County Superintendent and was constitutional except for that portion of the bill which named the appellant Carr to the office in the face of the Act questioned. The Chancellor concluded that this portion of the Act, naming Carr Superintendent until the general election of 1954, could be elided and the remainder of the bill kept intact as carrying out the wishes of the Legislature. He of course concluded the remainder of the bill was constitutional. It would thus appear that the only question presented on this appeal is whether or not the Chancellor could elide this portion of the Act naming Carr from the Act and sustain the balance of the bill. The relator and appellee concedes that there is no question but that the Legislature had the power, provided the Act did substantially change that as provided for Hardeman County, and he does not complain that the term of office for which he had been elected by the County Court could be filled by the people at its next general election in August, 1954.

Our decisions are uniform in holding that where the Legislature does attempt to fill an office that is in existence that this is violative of the constitutional provision above. See authorities cited in *Treadway* v. *Carter County,* 173 Tenn. 393, 118 S. W. (2d) 222.

Of course we do have that line of cases where the Legislature has created boards or commissions, changing the districts or redistricting, abolishing districts and where certain functions of County officers have been transferred from a Quarterly Court to County Commissioners, etc., which are new and in those instances the

Legislature does in the Act frequently name the officers until the next general election. For cases of the kind see, *Crewse* v. *Beeler,* 186 Tenn. 475, 212 S. W. (2d) 39, and authorities there cited; *Townsend* v. *Ray,* 174 Tenn. 634, 130 S. W. (2d) 96; *Taylor* v. *Taylor,* 189 Tenn. 81, 222 S. W. (2d) 372. But we do not have that situation here. In this case the relator, appellee, is the only one involved and he was holding the office of County Superintendent of Schools of this County at the time this Act was passed and had been so elected for a period of 4 years. Obviously thus no new office was created even though there were substantial and material changes made in the operation of the office. But such substantial and material changes do not create a new office. *Condon* v. *Maloney,* 108 Tenn. 82, 65 S. W. 871; *Grindstaff* v. *Carter County,* 152 Tenn. 605, 279 S. W. 1041.

■■ Under the above circumstances, we agree with the Chancellor that the naming of the appellant, defendant below, to an ad interim appointment as Superintendent of Schools of Hardeman County, in the place of the appellee, who was then holding the office is objectionable. We think the Act invalid to that extent. However, if it is possible to elide this objectionable section of the Act, which is in the following words, "provided, however that if this Act applies to Hardeman County, Ben Ward Carr, who possessed the qualification for such office under the general laws, is hereby designated and appointed to fill the office of County Superintendent of Schools in said County till the 31st day of August, 1954, and until his successor is elected and qualified;". The Act contains an all inclusive "rescue or saving clause". This being true it is our duty in giving the full effect to the authority of the Legislature, to make the elision and not invalidate the entire Act. *Gates* v. *Long,* 172

Tenn. 471, 113 S. W. (2d) 388. This Court has followed such a procedure in invalidating objectionable portions of several acts, including ad interim appointments, *Cheatham County* v. *Murff*, 176 Tenn. 93, 138 S. W. (2d) 430; *Kyle* v. *Marcom,* 181 Tenn. 57, 178 S. W. (2d) 618, and others.

The section of the Constitution alleged to be here violated was clearly enacted by our founding fathers to preserve the right of choice to the people, either directly or through their designated agents, the justices of the county court. Nowhere can we find nor have we been cited where the Legislature may place one of their choice in an office in the place of another for the identical office.

In *Davidson County* v. *Elrod,* 191 Tenn. 109, 232 S. W. (2d) 1, this Court speaking through Mr. Justice Tomlinson well expressed the doctrine of elision and when it should be applied. We feel that the Chancellor properly applied the doctrine under the authority thus last cited.

Private Acts in order to justify their existence must meet the test of reasonable and real or substantial changes in the law as it exists and must not be merely colorable so as to satisfy the whims of certain individuals. Where the Private Act attempts to name an officer or officers in the Act, that is, make an appointment or have interim appointments, an added obstacle which requires different treatment also comes into play. In satisfying this later test, it must appear, not only that there have been real and substantial changes made in the Private Act, but also that there is created "an entirely new office". *Grindstaff* v. *Carter County,* 152 Tenn. 605, 279 S. W. 1041.

We have very painstakingly considered and read all of the authorities cited by the respective parties hereto and have concluded that the Chancellor was correct in his decree entered below.

For the reasons above stated the Judgment below must be affirmed.

PREWITT, Justice, not participating.