Affirmed and Plurality, Concurring, and Dissenting Opinions filed March
22, 2005









Affirmed
and Plurality, Concurring, and Dissenting Opinions filed March 22, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-00680-CV

_______________

 

JIMMIE REINICKE,
INDIVIDUALLY AND AS LEGAL REPRESENTATIVE

OF THE ESTATES OF KAREN REINICKE, DECEASED, 

MAX L. REINICKE, DECEASED, AND DERRICK A. REINICKE,
DECEASED, Appellants

 

V.

 

AEROGROUND,
INC., Appellee

_________________________________________________________

 

On Appeal from the Probate Court No. 2

Harris County, Texas

Trial Court Cause No. 308,512‑401

_________________________________________________________

 

D I S S E N T I N G  
O P I N I O N

 

I
respectfully dissent.








My
colleague has raised an issue that was not raised or argued by either party on
appeal.  The plurality has concluded that
the Reinickes were required to request issues or instructions calculated to
establish Aeroground=s liability for creating a dangerous condition on the
premises in question.  My colleague cites
Timberwalk Apartments, Partners, Inc. v. Cain, 972 S.W.2d 749 (Tex.
1998), an apartment rape case, Clayton W. Williams, Jr., Inc. v. Olivo,
952 S.W.2d 523 (Tex. 1997), an oil well drilling employee fall case, and Keetch
v. Kroger Co., 845 S.W.2d 262 (Tex. 1992), a grocery store slip and fall
case to support this conclusion.  None of
the above cases support the conclusion that a plaintiff must plead, adduce
evidence, and obtain affirmative findings relative to a defective condition of
premises in order to establish liability for negligence against a defendant who
was not, at the time of plaintiff=s injury, an owner, occupier or
possessor of the premises.  

The
plurality fails to acknowledge that Aeroground was not an owner, occupier or
possessor and did not exercise the right to control the subject premises during
all times material to this suit.  In a
footnote, the plurality cites City of Denton v. Page, 701 S.W.2d 831,
835 (Tex. 1986) and properly acknowledges that the law places upon a person who
creates a dangerous condition on a public highway a duty to warn of the
condition.  This duty to warn does not
arise out of ownership, possession or control of premises.  It arises, in the instant case, from leaving
a trailer on premises (shoulder of the highway) owned or controlled by the
State of Texas.  In Page, the
court acknowledged that possession and control must generally be shown in
premises liability cases.  Id. at
835.  Here, the plurality seems to rely
on the Page court=s reference, in dicta, to Strakos v. Gehring, 360
S.W.2d 787 (Tex. 1962), which was cited for the proposition that a private
person who creates a dangerous condition on premises may be liable even though
he was not in control of the premises at the time of the accident.  








In
Strakos, the plaintiff was a motorist who sued a fence contractor after
stepping into a posthole located along an original fence.  Id. at 788B89. 
The fence contractor was no longer working in the area at the time of
the injury.  The court rejected the Aaccepted work@ doctrine and concluded that a
contractor is not immune from liability for creating a dangerous condition on
property solely because his work has been completed.  Id. at 790.  Notably, the Strakos court did not
discuss or conclude that the trial court was required to submit definitions,
instructions or special issues predicated on the duties of an owner, possessor
or occupier of premises prerequisite to establishing liability against the
contractor who allegedly created the dangerous condition.

The
plurality does not attempt to describe or explain the Reinickes= legal status relative to Aeroground
and the purportedly defective premises. 
We are left to speculate whether the Reinickes are invitees, licensees
or trespassers relative to Aeroground. 
Reliance on the plurality=s analysis would require the trial
court to propound a question such as the following:  Did Aeroground know, or in the exercise of
reasonable care, should it have known about the unreasonable risk of harm posed
by the trailer?  I respectfully
submit that Aeroground=s negligence, if any, is not measured by its knowledge of a
dangerous condition. Aeroground=s knowledge of the trailer=s location on the shoulder and
potential danger to others was an undisputed fact.  Two of Aeroground=s employees were on the scene,
attempting to remove the trailer from the shoulder of the highway seconds
before the fateful impact.








The
mere fact that Aeroground left its trailer sitting on the State=s right of way does not transmogrify
Aeroground into a possessor, owner or occupier of the premises.  See Science Spectrum, Inc. v. Martinez,
941 S.W.2d 910, 912 (Tex. 1997) (acknowledging the difference between liability
for one who controls premises versus one who creates a dangerous condition on
premises).  My colleague refers to a
comment to Pattern Jury Charge 65.1 for the reader=s edification regarding the
differences between a jury charge for negligent activity versus defective
condition of premises.  comm. on pattern jury charges, state bar of
tex., pattern jury charges pjc 65.1 (2003).  Notably, on the next page of this edition is
PJC 65.2.  See id. PJC 65.2.  At the top of the page is the section topic: APREMISES LIABILITYCDEFINITIONS & INSTRUCTIONS.@ 
See id.  The caption beside
PJC 65.2 states as follows: ANegligence and Ordinary Care of Plaintiffs or of Defendants
Other than Owners of Premises.@  See id.  The definitions of ANegligence@ and AOrdinary Care@ with the exception of the precatory APaul Payne@ language are verbatim to the
definitions submitted in the instant case. 
See id.  Moreover, in AAccompanying definitions and
instructions@ under PJC 66.4, the editors
recommend use of the definitions under PJC 65.2 Awhen the conduct of a contributorily
negligent plaintiff or defendant who is not an owner or occupier of a premises
is also to be considered by the jury.@ 
See id. PJC 66.4.  In the
same edition and under the same topic, the PJC 65.4 definition of AProximate Cause@ is verbatim to the definition in the
instant case.  See id. PJC
65.4.  The Committee on Pattern Jury
Charges recognizes what the plurality refuses to acknowledge: some defendants
are exposed to liability for creating dangerous conditions on premises they do
not own or control, and their standard of care is not the same as the defendant
who owns or controls the premises.

It
is axiomatic that negligence (negligent activity) occurs by action or omission.  I submit that leaving the trailer parked on
the shoulder and failing to timely place emergency warning devices falls under
the negligent activity rubric as omissions.  The action that falls under the
negligent activity rubric would be preparing to back or backing the tractor
down the highway shoulder. 
Notwithstanding the plurality=s ruminations about the exact moment
Aeroground=s negligent activity ended, a
tortfeasor=s presence at the scene of an injury
is not a prerequisite to establishing liability for negligence, including
failure to warn.  I respectfully submit
that the plurality has gleaned and applied a rule which is not supported by the
cited cases.  Accordingly, I disagree
with the plurality=s analysis and discussion of the negligent activity versus
premise defect dichotomy because none of the defendants in this case owned or
controlled the premises in question. 

Sufficiency of The Evidence

Relative
to the Reinicke=s first issue, this court must not only recite the proper
standard of review for determining whether the trial court erred in granting a
JNOV, it must view the evidence in a light that supports the challenged finding
and disregard all evidence and inferences to the contrary.  Tiller v. McLure, 121 S.W.3d 709, 713
(Tex. 2003).  We must sustain the first
issue if reasonable minds could reach different conclusions regarding the
evidence.  Tarrant Reg=l Water Dist. v. Gragg, 151 S.W.3d 546, 552 (Tex. 2004). 








It
is relatively undisputed that Aeroground=s employee parked its trailer on the
highway shoulder and did not timely warn of the potentially dangerous condition
by placement of warning cones required under federal law.  The unexcused violation of a penal statute
constitutes negligence as a matter of law if such statute was designed to
prevent injuries to a class of persons to which the injured party belongs.  Murray v. O & A Express, Inc.,
630 S.W.2d 633, 636 (Tex. 1982).  In jury
question number one, the trial court acknowledged the legal sufficiency of this
undisputed evidence by instructing the jury on the statutory requirement for
placement of warning devices along the roadway. 
After discussing the above undisputed evidence, the plurality concludes
that the jury charge will not support recovery for an injury resulting from a
condition that was Apreviously created by an activity.@ For the reasons stated above, I
respectfully disagree.  Accordingly, I
would hold that there is more than a scintilla of evidence supporting
assessment of negligence against Aeroground for failure to warn. 

Proximate Cause

The
more difficult issue for appellate resolution is whether there is more than a
scintilla of evidence to support the jury=s affirmative finding that Aeroground=s negligence proximately caused
injury and death to the Reinickes. 
Proximate cause requires both cause-in-fact and foreseeability.  Farley v. M M Cattle Co., 529 S.W.2d
751, 755 (Tex. 1975).  Cause-in-fact
means that the negligent act or omission was a substantial factor in bringing
about the injury and without which no harm would have been incurred.  Texas and Pac. Ry. Co. v. McCleery,
418 S.W.2d 494, 497 (Tex. 1967). 
Foreseeability is satisfied by showing that the defendant should have
anticipated the danger created for others by its negligent act or
omission.  Missouri Pac. R.R. Co. v.
Am. Statesman, 552 S.W.2d 99, 109 (Tex. 1977).  Similar to any other ultimate fact, proximate
cause may be established with circumstantial evidence.  Farley, 529 S.W.2d at 755.








Pursuant
to Section 392.22(b)(2)(v) of the Federal Motor Carrier Safety Regulations,
Aeroground was required to place at least three warning devices behind the
trailer with the following spacing: 10 feet, 100 feet and 200 feet.  49 CFR ' 392.22(b)(2)(v) (2000).  Without referring to specific testimony or
physical evidence in the record, the plurality concludes, there is no evidence
that Afailure to put out warning triangles
was a cause of the accident.@  Apparently, the
plurality discounts or does not fully appreciate the multiple benefits of
warning devices by concluding that Athe cause of this accident was
whatever other event or condition caused the van to leave the roadway.@ 
I respectfully disagree with the rationale of the plurality.  One primary purpose for warning devices is to
provide the earliest possible warning to drivers that a vehicle is disabled.  Placement of the warning devices at the
required distances is pivotal to early warning that there is a hazard ahead;
drivers should reduce speed and exercise caution.  Such devices are calculated to reduce or
eliminate any confusion regarding whether the disabled vehicle ahead is moving
or stopped.

Immediately
before the Reinicke vehicle struck the rear of Aeroground=s trailer, Pena was traveling ahead
of Mrs. Reinicke in the right or outer lane of traffic.  Pena testified that he easily saw the Aeroground
trailer from his high vantage point in the seat of a tractor and  observed the Reinicke vehicle pass in the
right (outer) lane immediately before it came into contact with the Aeroground
trailer.  Kurishi, who was traveling
behind the Reinicke vehicle, testified that he did not see the Aeroground
trailer ahead before it was struck by the Reinicke vehicle.  Truck driver Pena testified that he changed
from the right (outer) lane to the center

lane of traffic
as he approached the Aeroground trailer. 
If Kurishi could not see the Aeroground trailer until it was impacted by
the Reinicke vehicle, the jury was permitted to infer that Mrs. Reinicke,
traveling behind the Pena 18-wheeler, did not have an early opportunity to
acknowledge or appreciate the potentially dangerous condition on the right
shoulder until Pena=s tractor and trailer moved left, into the center lane of
traffic.








Aeroground=s employee, Rodriguez, testified that
Mrs. Reinicke=s vehicle weaved off the shoulder,
then back onto the third (outer) lane and back onto the shoulder, striking the
trailer in the rear.  Rodriguez=s testimony is contradicted by
Kurishi; however, after reviewing the entire record, this court is required to
consider only the evidence and inferences that support the jury=s findings and disregard all contrary
evidence.  Lentz v. Lentz, 79
S.W.3d 10, 19 (Tex. 2002).  This erratic
movement is some evidence supporting a permissible inference that Mrs. Reinicke
was startled by sudden perceived danger, a reaction that might reasonably have
been avoided if the warning devices had been placed at the prescribed distance
and location.

This
circumstantial evidence coupled with other physical evidence, including
presence or absence of skidmarks and physical location of all the vehicles on
and off the highway, after the fiery collision, constitutes legally sufficient
evidence to support a jury finding that Aeroground=s failure to warn proximately caused
injury and death to the Reinickes.  In
other words, a jury could reasonably conclude that Abut for@ the failure to place warning devices
prescribed by law, the impact would not have occurred.  See Kerby v. Abilene Christian Coll.,
503 S.W.2d 526, 528 (Tex. 1973).

The
foreseeability element of proximate cause is established when the plaintiff
shows that the defendant should have anticipated the dangers its negligent act
or omission created for others.  See
Travis v. City of Mesquite, 830 S.W.2d 94, 98 (Tex. 1992).  However, foreseeability does not require a
person to anticipate the precise manner in which injury will occur once he has
created a dangerous situation through his negligence.  Id. at 98.  Here, one or more of Aeroground=s employees verbally acknowledged the
potential danger.  Moreover, the danger
associated with a disabled trailer on the shoulder of a major highway in
Houston traffic, without placement of required warning devices, is
undisputable.








Regarding
the movement of the Reinicke vehicle immediately before impact, the plurality
ignores our Ano evidence@ standard of review by disregarding
Rodriguez=s testimony in favor of Kurishi=s testimony.  Moreover, the plurality fails to acknowledge
the presumption in law that Mrs. Reinicke was exercising ordinary care during
all times material to this action.  See
Boaz v. White Auto Stores, 141 S.W.2d 481, 483 (Tex. 1943).  Admittedly, the presumption vanishes with
Kurishi=s testimony; however, a Ano evidence@ challenge should be denied if, after
reviewing the entire record, the proffered evidence rises to a level that would
enable reasonable minds to differ.  See
Transp. Ins. Co. v. Moriel, 879 S.W.2d 10, 25 (Tex. 1994).

In
conclusion, I would hold there is legally sufficient evidence to support the
jury=s determination that Aeroground=s violation of Section
392.22(b)(2)(v) and failure to warn proximately caused injury and death to the Reinickes.  See 49 CFR ' 392.22(b)(2)(v) (2000). Accordingly,
I respectfully dissent.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and
Plurality, Concurring, and Dissenting Opinions filed March 22, 2005.

 

Panel consists of Justices Fowler, Edelman, and
Seymore.  (Edelman, J., plurality.)
(Fowler, J., concurring.)